# Neal v. Manning et al.

(Decided Dec. 18, 1936.)

BLAKELY & MURPHY and JOHN T. MURPHY for appellant.

W. R. HENRY for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Whitley circuit court sitting in equity. The plaintiff, who is appellant here, is engaged in the business of selling liquor in Whitley county. He brought this suit to enjoin the county judge, county clerk, sheriff, and the members of the election commission of Whitley county from certifying or placing on the order book of the county court the result of a local option election held on September 19, 1936, under the provisions of section 1 of the Acts of 1936, c. 1 (Ky. Stats., 1936 Ed. sec. 2554c-1 et seq.). A special demurrer was sustained to the

petition on the ground that the Whitley circuit court was without jurisdiction, and, plaintiff declining to plead further, his petition was dismissed. This appeal followed.

It is alleged that the petitions filed with the county judge requesting that a local option election be held did not contain the signatures of 25 per cent. of the legal voters of the county and that the election is therefore void. Several other objections to the procedure or form of the election are asserted in the petition by way of conclusion, but the question of the sufficiency of the signatures to the petition filed before the county judge is the only point argued. It is claimed that a sufficient number of the names of voters on the petition for the election to reduce the total below 25 per cent. (1) were not registered, (2) did not give post office addresses and dates of signing, (3) were signed by one person without the consent or knowledge of the person whose name was signed, (4) were signed on blank pages of paper without containing any caption showing the purposes for which the signatures were obtained, (5) were not dated by the person signing but were dated by some one else, and (6) were not subscribed with post office address, but such addresses were later inserted by some one else. It is argued that as a result of the defects in the petition for the election, the election itself is entirely void, and injunction is therefore a proper remedy even though the questions could likewise be raised by a contest filed pursuant to the statute.

The total number of alleged illegal signatures is nowhere set out in the petition, nor are any of the numbers coming within the various classes attacked. Plaintiff has contented himself with the mere conclusion that the number of illegal subscriptions to the petition were sufficient to reduce the required number of signers "below 25% of the number of votes cast in said territory at the last preceding general election." Obviously, even if we take all of plaintiff's allegations as confessed, they still fail to show that the petition was not at least prima facie sufficient to authorize the calling of an election. The election was not void, even though it might be voidable by proper contest. We have but recently held in the case of J. T.

Hessler v. Pal Garner, County Judge, et al., 266 Ky. 507, 99 S. W. (2d) 461 (decided December 8, 1936), in a case in many respects identical with this one, that remedy by injunction will not lie unless the election is itself void. It is unnecessary here to repeat the reasons which led to our conclusion in that case. Where, as here, it is sought after the election to destroy the effect of petitions therefor, fair on their faces, through attacking the validity of the signatures thereon, the statutory method of contest is exclusive. Watts v. Glover, 239 Ky. 562, 39 S. W. (2d) 1004; Puckett v. Snider, 110 Ky. 261, 61 S. W. 277, 22 Ky. Law Rep. 1718.

Judgment affirmed.

Whole court sitting.