## Martin et al. v. Cheek.

February 8, 1949.

Ben B. Fowler for petitioners.

Nelson Rodes and Joe G. Davis for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Issuing writ.

On December 4, 1948, a petition signed by the petitioners herein and some 1800 others was filed in the office of the Clerk of the Boyle County Court. The petition requested the Judge of the Boyle County Court to enter an order calling a local option election in Danville to be held on February 5, 1949. On that same day, which was at a special or called term of court, the respondent, S. R. Cheek, Jr., Judge of the Boyle County Court,

entered an order calling the election as per the request in the petition.

It appears that nothing more was done until January 10, 1949, which was also at a special term of court, at which time the petitioners, W. B. Martin and James D. Russell, acting in the claimed capacity as chairman and co-chairman of the committee for the election, having learned that the order calling the election was entered on the day the petition was filed, which was at a called or special term of the Boyle County Court, appeared before the County Court and filed motion seeking permission to withdraw the petition as filed on December 4th and immediately to refile same, thus doing away with the void order of December 4th, and at the same time permit respondent to enter a valid order during the January term based on this refiled petition. The respondent overruled the motion and refused to allow the petitioners to withdraw and refile the petition.

On January 17, 1949, which was the first day of the regular January term of the Boyle County Court, the petitioners filed motion to set aside the order entered based on the petition as filed, calling the election for at the special term on December 4, 1948, and to enter one, February 26, 1949. The respondent set aside the void order but refused to enter an order calling the election as requested. Whereupon, the petitioners filed this original action seeking by writ of mandamus a direction to respondent either to permit the petitioners to withdraw the petition and refile same, or to sustain their motion to enter an order calling a local option election based upon the petition as filed on December 4th.

Motion has been filed by respondent to require the petitioners to elect as between the above. In view of our conclusion herein, we deem it unnecessary to pass on that motion or on the propriety of the court's action in refusing to allow petitioners to withdraw the petition and refile same.

The petitioners insist that the County Judge is under a duty to call the election at the January term of court. The respondent counters with the contention that, after a petition for a local option election has been filed in the County Court and no order is entered at the cur-

rent or next regular term, as provided by KRS 242.020, the County Judge is without power to enter an order at a succeeding term, or, at most, if possessing that authority, it is entirely discretionary with him as to whether at such succeeding term he will or will not enter such an order, and that refusal so to do, not being an abuse of that discretion, is consequently, no error.

Petitioners take the position that since there was no "current term" it would be a fair interpretation, for the purposes of the statute in question, to say that the regular term, which convened December 20th, was the current term, and that the January term, at which they filed motion to set aside the former entry of the order and to enter order calling the election, was the next regular term. This argument is more than mere verbal quibble. There may be merit in this position but it is not necessary here to decide that question.

Possibly the petitioners should have requested the Judge to enter a nunc pro tunc order as of the date of the December regular term. The premature entry of a judgment is a misprision. Section 517, Civil Code of Practice. There being no current term at the time the petition was filed, and since the order was entered before the proper time and contrary to the provisions of KRS 242.020, it was a premature entry of the order. However, we are not called upon to pass on that question here since it has not been raised.

We shall concern ourselves with the question as to whether or not the refusal to enter an order at the January term was error. It cannot be doubted that the aim of the law is to secure the welfare of all who are subject to it. The question of realizing a purpose must be kept separate and apart from that of the equity and justice and right of the content. We cannot treat this situation as an independent something for it may be but a short while until the converse situation arises. We must always keep in mind that a false or erroneous rule will produce consequences of the same nature. Here we have a petition filed pursuant to the provisions of the law. After it was filed the statute prescribed a duty on the County Judge. He must proceed without regard to any necessary agreeableness or disagreeableness and act in compliance with the provisions of the statute. Failure to comply

therewith, although done under a misapprehension, was the immediate cause of the predicament in which the petitioners found themselves.

Petitioners cite and rely, in a large measure, on Tousey et al. v. De Huy, Ky., 62 S.W. 1118, 1119. At the time that opinion was written the statute provided for entry of an order calling an election at the next regular term. The only difference in the act then and now is that the act now reads "at the current or next regular term." In that case the court said:

"It is earnestly insisted for appellants that, conceding this to be true, the county judge had no authority to change the order he had made at the preceding term. It is said that the statute requiring the county judge to make the order at the first term after the petition is received is mandatory, and that when he had made the order he has no further jurisdiction in the matter. It was the duty of the county court to make the order for the election at the October term, and he should then have made an order for an election in the district, as prayed in the petition. If he had made no order at all at the October term, it would hardly be doubted that he would have had power to do at the November term what he ought to have done before, for he could be compelled by mandamus to act; and he was not required to wait for mandamus, but might voluntarily do that which he ought to have done, and might yet be compelled to do. When he made a mistake in his order, and this mistake was apparent from the record, the clerical misprision could be corrected by the record as in other cases."

Obviously, the court should have entered an order pursuant to the provisions of the statute. Having failed to do this, he should have done at the next regular term what he ought to have done at the preceding term. To conclude otherwise would leave the way open for a violation at will of the mandatory provisions of the act and permit an arbitrary departure from the prescriptions therein. It might even open the way for the sheer arbitrariness of a judge to defeat the purpose of the law. Consequently, the writ must issue.

It is therefore ordered that a writ issue directing the County Judge to enter an order calling the election in

compliance with KRS 242.030. The writ will issue immediately without prejudice to the respondent's right to file petition for rehearing.