### BAYS v. BRADLEY MILLS.

Court of Appeals of Kentucky.

Jan. 9, 1953.

Kelly Clore, Pineville, for appellant.

A. E. Funk, Jr., Middlesboro, for appellee.

DUNCAN, Justice.

The petition seeks a writ of mandamus against the respondent, County Judge of Bell County, to require the calling of a local option election in the City of Middlesboro.

A general demurrer challenges the petition on three grounds: (1) That there is no allegation of irreparable injury to the plaintiff who is one of the signers of the local option petition and sues here in behalf of himself and all other proponents of the election; (2) That there is no showing that the petitioner requested the calling of an election; and (3) That there is no allegation that the Bell County Court will be in regular session for the purpose of calling such an election if directed to do so by this Court.

So far as the first ground is concerned, it may be said that great and irreparable injury may always be presumed from the failure of an officer to perform a mandatory duty required of him by statute or otherwise. The statute confers upon the petitioners the right to require the calling of a local option election upon compliance with certain statutory requirements. It is a right which they enjoy as citizens and any action which deprives a citizen of his statutory right of suffrage amounts to great and irreparable injury.

Concerning the failure to specifically request the calling of the election at the regular October and November terms of the county court, it is pointed out that the petition which was filed specifically requested the calling of an election under the terms of the statute. The petition met the statutory requirements, and this Court would not read into the statute an additional provision requiring further steps on the part of the proponents of the election. It may be remarked that had the petitioners been more diligent in calling the matter to the attention of the respondent, the difficulty and expense of this proceeding might have been avoided. However, we cannot say that the failure to do so was fatal to their right to require the calling of an election.

The third ground of the demurrer is passed to the merits.

The petition for the election was filed on October 30, 1952, the regular October term of the county court being then in session. No action was taken at that term nor at the succeeding November term, which convened on November 3. At the December term which commenced on December 1, the matter was called to the attention of the respondent and the application was set for hearing on protests filed by the opponents of the election. Finally, on December 22, an order was entered reciting that the petition was in proper form and contained the required number of signatures, but declining to call the election because under the respondent's interpretation of the statute he had lost jurisdiction to do so.

KRS 242.020(4) provides:

"After a petition for election has been filed, the county court shall, at the current or the next regular term, make an order on the order book of the court directing an election to be held in that territory."

The respondent insists that the provisions of the statute are mandatory and that inasmuch as the election was not called at the current or next regular term

after the filing of the petition the court lost jurisdiction to call the election. The question is no longer an open one in Kentucky. In Martin v. Cheek, 309 Ky. 319, 217 S.W.2d 785, the identical question was decided adversely to respondent's contention. The statute is mandatory but the jurisdiction of the court is not defeated because the judge refuses or fails to observe the mandatory provisions of the statute. The Cheek case quoted with approval the earlier case of Tousey v. DeHuy, 23 Ky.Law Rep. 458, 62 S.W. 1118, which construed a similar provision in a prior local option statute. There the failure of the judge to observe the requirements of the statute was regarded as a clerical misprision which might be corrected as such.

Having found that the petition was regular, the act of the judge in calling the election is merely ministerial, and the entry of such an order may be made retroactively so long as the actual entry of the order precedes the date of the election.

The writ will issue directing the respondent to call the election and enter the order as of the November term, 1952, it being the last term at which he was required to do so by the mandatory provision of the statute.