Max HOWARD et al., Petitioners,

v.

Silas CARTY, as Judge of the Magoffin County Kentucky Court, Respondent.

Court of Appeals of Kentucky.

Jan. 28, 1955.

Leon J. Shaikun, Louisville, for petitioners.

Earl R. Cooper, Salyersville, for respondent.

STEWART, Chief Justice.

This original action, filed pursuant to RCA 1.420, seeks a writ of mandamus against respondent, the county judge of Magoffin County, to require the calling of a local option election in the City of Salyersville.

The allegations of the petition are, in substance, that petitioners, voters of the above city, filed in the county court on November 24, 1954, a petition sufficient in all respects according to KRS 242.020 to require the county judge to call a local option election. The respondent judge considered the petition on December 27, 1954, at which time a response thereto was filed setting forth certain objections, but he took no action on the proceeding other than to continue it until January 11, 1955. On the last-mentioned date an amended response was filed and a hearing was had at which no proof was presented but at which arguments were heard.

At the conclusion of this hearing an order was entered which recited, so far as pertinent here, that, " * * * it is the finding of the court that there are two wards or precincts in the City of Salyersville, and that only one petition is filed herein and therefore two petitions, one from each precinct or ward would be required. For this sole reason therefore the judgment of the court is that said petition is null and void, and the same is hereby dismissed."

The City of Salyersville consists of two precincts, both of which extend beyond the city limits into the county, but the petition avers that the contemplated election is restricted to the city as to whether or not alcoholic beverages shall be sold therein, and it further avers that all the signers are qualified voters residing within the city limits of Salyersville, and this averment was not controverted by any proof. When the county judge ruled that a petition should be filed from each precinct, his decision was bottomed upon the theory that a separate election was to be held in each of the two subdivisions of the city and he believed each would be held independently of the other.

██ We have only to casually read KRS 242.010(5) and KRS 242.020(1) to conclude that the judgment of the county court is erroneous. The first statute provides: " 'Territory' means county, *city*, district or precinct." KRS 242.020(1) states: "A petition for an election shall be signed by a number of constitutionally qualified voters of the territory to be affected, equal to twenty-five percent of the votes cast in the *territory* at the last preceding general election. The petition may consist of *one or more separate units,* and shall be filed with the county clerk."

A consideration of the plain language of these two statutes readily convinces one that the City of Salyersville is the territory affected by the petition and that it makes no difference where the voters in the city reside who affixed their names to the petition, as long as the petition meets the requirements of 242.020(1). If the reasoning of the county judge were correct, it would follow that when a local option election is called for a county of 100 precincts that number of separate petitions would have to be filed in order for a vote to be taken on a county-wide local option issue. It is obvious from the above definition of a territory that it was the intention of the Legislature to treat a city election as one to be held as a unit in all the precincts embracing that city.

KRS 242.020(4) provides that a local option election shall be called in the territory affected by the petition at the current or the next regular term of the county court and KRS 242.030(2) requires the election shall be held not earlier than sixty nor

later than ninety days after the date the petition is filed with the county clerk.

The petition was filed November 24, 1954, and we repeat that it meets all the requirements governing the holding of a local option election. The present term of the Magoffin County Court began January 24, 1955, and the next regular term thereafter of the same court will start on February 28, 1955. It is apparent the February term will commence 90 days after the date the petition was filed with the county clerk. Under such circumstances we have held that the act of the county judge in setting up the machinery for the election is ministerial and that where a county judge fails to comply with the mandatory provisions of KRS 242.020(4) and does not call an election at the current or next regular term after the filing of the petition, as occurred in the case here, this failure should be regarded as a clerical misprision which may be corrected as such. See Bays v. Bradley Mills, Ky., 254 S.W.2d 348.

Accordingly, an order should be entered retroactively by the county judge as of the December term, 1954, and, although the petition sets February 5, 1955, as the date for holding the election, which date may be set pursuant to KRS 242.030, this date may nevertheless be changed, provided such other date as is designated by the county judge is within the statutory limitation of ninety days. See Harris v. Cannon, 304 Ky. 3, 199 S.W.2d 429. A new date should also be fixed in order to allow a period of two weeks for advertising the election, as required by KRS 242.160. This may all be done so as to enable the election still to be held within ninety days from the date the petition was filed.

Although no question is raised on the point, this Court has jurisdiction of this proceeding. See Bays v. Bradley Mills, cited above; Franklin v. Pursiful, 295 Ky. 222, 173 S.W.2d 131.

Wherefore, an order will issue nunc pro tunc calling the election and providing for holding it in conformity with this opinion.