**Ivory REEVES et al., Petitioners,**

v.

**Charles B. ZIRKLE, Pro Tem Judge, Jefferson County Court, Respondent.**

Court of Appeals of Kentucky.

Oct. 23, 1959.

Rehearing Denied Feb. 26, 1960.

James A. Crumlin, Louisville, for petitioners.

W. G. Hume, Louisville, for Miles Park, Inc., objecting to the petition.

Chas. W. Dobbins, County Atty., James E. Thornberry, James R. Mansfield, Jr., Asst. County Attys., Louisville, for respondent.

CULLEN, Commissioner.

By an original proceeding in this Court, Ivory Reeves and others seek an order which in effect would require the county judge pro tem of Jefferson County to enter an order calling a local option election in a certain territory in Jefferson County which the petitioners designate as "Old Precinct No. 26." Although the petition denominates the relief sought as an order of "prohibition," in substance what is asked for is an order of mandamus, compelling the judge to call a particular election which he has refused to call. As such, the proceeding is one which this Court will entertain. See Howard v. Carty, Ky., 275 S.W.2d 68; Bays v. Bradley Mills, Ky., 254 S.W.2d 348; Franklin v. Pursiful, 295 Ky. 222, 173 S.W.2d 131.

On July 3, 1959, the county court of Jefferson County entered an order changing the boundaries of Precincts Nos. 22, 24, 26 and 27 of the 12th Ward of the City of Louisville. The result of the change is that some territory that formerly was in Old Precinct No. 26 now is in New Precinct No. 27, and the remainder of the territory of the old precinct, with additional territory added from other precincts, now constitutes New Precinct No. 26. Miles Park, Inc., holds a liquor license

for premises that formerly were in Old Precinct No. 26 but now are in New Precinct No. 27. B. & W. Corporation holds a liquor license for premises that were in Old Precinct No. 26 and now are in New Precinct No. 26.

On July 6, 1959, Ivory Reeves and others filed with the county court a petition asking that a local option election be called in Old Precinct No. 26. A substantial number of the signers of this petition were voters who were placed in New Precinct No. 27 by the order of July 3 changing the precinct boundaries. The total number of signers exceeded 25 percent of the number of votes cast in Old Precinct No. 26 at the last preceding general election.

Objections to the petition for an election were made by Miles Park, Inc., and by B. & W. Corporation. The county judge pro tem., after a hearing, delivered an opinion holding that the petition signed by voters of Old Precinct No. 26, in number equal to 25 percent of the votes cast in the old precinct at the last preceding general election, was a valid petition, but that the election must be for the new precinct and only voters in the new precinct may vote in the election.

Thereupon, Reeves and the other petitioners filed the instant petition in this Court, seeking an order requiring the county judge pro tem. to call an election to be held in the old precinct, in which only voters in the old precinct would participate. At the same time, B. & W. Corporation also filed a petition in this Court, seeking an order prohibiting the county judge pro tem. from entering an order calling any election. For the disposition of the latter petition, see B. & W. Corporation v. Zirkle, Ky., 331 S.W.2d 725.

It is the contention of Reeves and his copetitioners, in substance, that a precinct must forever remain the same for local option purposes, and that no change

in precinct boundaries can change the status of the original precinct as a local option voting unit. They base this contention on KRS 242.020(1), which provides:

"A petition for an election shall be signed by a number of constitutionally qualified voters of the territory to be affected, equal to twenty-five percent of the votes cast in the territory at the last preceding general election. * * *"

The argument is, that since the statute bases the number of required signatures on the vote cast in the territory at the last preceding general election, the territory in which a vote may be held can be only the same as existed at the time of the last preceding general election.

We find no merit in this argument. There is nothing in the words of the statute to suggest a legislative intent that a precinct once established is irrevocably fixed in perpetuity as a local option voting unit. It is true that it may be more *convenient* to ascertain the number of votes cast at the last general election if there has been no change in the precinct boundaries, but a change in precinct boundaries does not prevent a determination of the number of votes cast at the last election by the voters who subsequently have been placed within new precinct boundaries.

If, by a change of precinct boundaries, territory with one local option status is placed in a precinct which has a different local option status, it may well be that the change of boundaries should not be permitted to effect a change of the local option status of the territory so moved. See Annotation, 25 A.L.R.2d 863. But in the instant case, all of the territory involved, in both the old and the new precincts, had the same local option status at the time of the change of boundaries. So here there is no question of an attempt to change a local option status or to nullify a local option election previously

held or previously petitioned for, by a change of territorial boundaries.

It is our opinion that a local option election can validly be called in New Precinct No. 26 only upon a petition of qualified voters of the new precinct, equal in number to 25 percent of the votes cast by the voters of the new precinct at the last preceding general election. Old Precinct No. 26 has ceased to exist as a voting unit. Accordingly, the petitioners are not entitled to have an election called for the old precinct. By the same token, their petition cannot furnish the basis for calling an election in the new precinct.

The petition for an order of prohibition or mandamus is denied.