**B. & W. CORPORATION, Louisville, Kentucky, Petitioner,**

v.

**Charles B. ZIRKLE, Pro Tem Judge, Jefferson County Court, Respondent.**

Court of Appeals of Kentucky.

Oct. 23, 1959.

Leon J. Shaikun, Louisville, for petitioner.

Chas. W. Dobbins, County Atty., James E. Thornberry, James R. Mansfield, Jr., Asst. County Attys., Louisville, for respondent.

CULLEN, Commissioner.

By an original proceeding in this Court, B. & W. Corporation seeks an order prohibiting the county judge pro tem. of Jefferson County from entering an order calling a local option election in a certain territory in Jefferson County which the petitioner designates as "New Precinct No. 26."

The facts out of which this proceeding arises are set forth in Reeves v. Zirkle, Ky., 331 S.W.2d 723.

■ Ordinarily, this Court would not entertain an original proceeding to *prohibit* a county judge from entering an order calling a local option election, because there are adequate remedies at law. One remedy that frequently has been invoked is by suit for injunction in the circuit court. See Fuson v. Howard, 305 Ky. 843, 205 S.W.2d 1018; Ball v. Hill, Ky., 240 S.W.2d 628. Another remedy is by contest suit after the holding of the election. See Neal v. Manning, 266 Ky. 683, 99 S.W.2d 766. However, this Court has entertained proceedings for mandamus to *compel* the calling of a local option election, because in such a case there is no adequate remedy at law. See Howard v. Carty, Ky., 275 S.W.2d 68; Bays v. Bradley Mills, Ky., 254 S.W.2d 348; Franklin v. Pursiful, 295 Ky. 222, 173 S.W.2d 131.

■ In Reeves v. Zirkle, Ky., 331 S.W.2d 723, an order of mandamus was sought to compel the holding of an election in Old Precinct No. 26 in Jefferson County. We entertained the proceeding (but denied relief) under the cases above cited which recognize the absence of any other adequate remedy where the county court has refused to call an election. Since we entertained that proceeding, and since the issues there were the same as those here, and to reject this proceeding would result in a piecemeal disposition of a single problem, we have decided to entertain this proceeding.

For the reasons stated in the opinion in the Reeves case, the petition seeking the local option election did not meet the requirements for calling an election in New Precinct No. 26. Accordingly, the relief sought in the instant proceeding should be granted.

An order will issue prohibiting the county judge pro tem. of Jefferson County from entering an order calling a local option election in New Precinct No. 26.