## City of Covington et al. v. Miller.

(Decided Oct. 23, 1936.)

RALPH P. RICH and GEORGE W. HILL for appellants.

STEPHENS L. BLAKELY and MARION W. MOORE for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This suit was brought for the purpose of securing a mandatory injunction against the city of Covington, its mayor, board of commissioners, and city manager, to require the defendants to comply with the provisions of

section 3235dd-46 of the Kentucky Statutes (Supp. 1933), which provides in part:

"If during the ten days next following the passage of any such ordinance as cannot within said ten days become effective a petition signed by a number of voters equal to at least twenty-five per centum [25%] of the total number of votes cast for both candidates for mayor at the last preceding regular election for mayor, stating the residence of each signer, and verified as to signatures and residences by the affidavits of some one or more persons, shall be presented to the board of commissioners, protesting against the passage of such ordinance, such ordinance shall be suspended from going into effect, and shall be reconsidered by the board of commissioners."

The board of commissioners passed an ordinance authorizing the sale of a franchise to operate an electric motor trolley bus and motor bus system within the city of Covington. A petition protesting against this ordinance, signed by 6,557 names, was duly filed. It is admitted that 18,680 votes were cast at the last mayoralty election before the filing of the petition and that, if the signatures were in themselves sufficient, the board of commissioners is then bound to give effect to the provisions of section 3235dd-46 of the Statutes. It is stipulated, however, that of the 6,557 names signed to the petition of protest, 3,850 were not registered in the precincts embracing the addresses given on the petition. It is contended that the unregistered signers are not "voters" within the meaning of that term as used in section 3235dd-46, and that the board of commissioners was therefore at liberty to ignore the petition of protest, for, if the 3,850 unregistered signers are subtracted from the total, then a number equal to less than 25 per cent. of the total number of votes cast at the last mayoralty election signed the petition of protest, and it is ineffective. The single question for our determination, therefore, is whether or not the signatures of these 3,850 persons are to be ignored on the sole ground that they are not voters within the meaning of section 3235dd-46 because they are not registered.

At the outset, it may be observed that the question is simply one of arriving at the legislative intent in the use of the word "voter" in section 3235dd-46. We are

not compelled to decide the broad question presented under section 147 of the Constitution as to whether or not registration is a necessary element in the qualifications of a voter in a city or town having a population of 5,000 or more. In the case of Perkins v. Lucas, 197 Ky. 1, 246 S. W. 150, 153, the constitutionality of the so-called registration law (chapter 138, Acts 1922) was attacked on numerous grounds, one of which was its alleged violation of section 147 of the Constitution. In disposing of this contention, on a motion for a temporary injunction, Chief Justice Hurt said:

"It is further contended that the act is unconstitutional, because it prescribes qualifications of voters in addition to and other than those prescribed by the Constitution. If the contention is sound, the act, as a matter of course, cannot be upheld. Section 145 of the Constitution prescribes the qualifications of a voter to be a citizen of the United States of the age of 21 years, who has resided in the state for one year, in the county for 6 months, and in the precinct in which he purposes to vote for 60 days preceding the election, subject to certain exceptions which need not be mentioned. These, however, are not all the qualifications which the Constitution prescribes under certain conditions. Section 147 of that instrument provides that: 'The General Assembly shall provide by law for the registration of all persons entitled to vote in cities and towns having a population of five thousand or more; and may provide by general law for the registration of other voters in the state. Where registration is required, only persons registered shall have the right to vote. The mode of registration shall be prescribed by the General Assembly.'

"The latter section of the Constitution having invested the Legislature with power to require the registration of all voters and the mode of the registration, and explicitly provided that, where registration is required, 'only persons registered shall have the right to vote,' it is clear that, if registration is provided for by law which is not obnoxious to the Constitution, a qualification is added to the voter which is not necessary for him to have where registration is not required. Hence, if the act assailed is not invalid because violative of a consti-

tutional guaranty regarding the right of suffrage, while it does not add to the voters outside of the area where the Constitution mandatorily requires registration another qualification, it does make an addition of a qualification authorized by the Constitution, and an act requiring registration is not invalid on that account. Hence for all the foregoing objections the act would be upheld.''

It is insisted on behalf of the appellants here that the foregoing quotation from the opinion of Judge Hurt, together with similar rulings from this and other courts, are conclusive of the question presented in the case at bar, and that one cannot be a ''voter'' who does not possess the qualification of registration. However true this may be of the use of the word in a strict and technical sense, we are here confronted with the duty of interpreting the intention of the Legislature in its use of the word in section 3235dd-46. In 20 C. J. 59, it is said:

''The meaning of the word 'voters' depends upon the connection in which used. When used in statutes, it does not necessarily mean registered voters.''

We think this statement is sound.

Under statutes in force at the time that section 3235dd-46 was enacted, the annual registration of voters and, indeed, registration for special elections were recognized. See Acts 1924, c. 64, secs. 9 and 12, since repealed. Clearly, it cannot be said that there were any registered voters in a city having annual registration except between the date of registration and the election. During the entire period from election day until the next registration day there might be no one qualified to sign a petition for a referendum, and section 3235dd-46 would thus be entirely inoperative during the major portion of the year. We do not think that such an unreasonable intention is to be ascribed to the Legislature.

Section 9 of chapter 64, Acts 1924, directs that the registration officers ''proceed to register the *qualified voters* in each precinct.'' Similarly, section 6 of chapter 45, Acts 1936, provides that the election commissioners prepare proper blanks and record forms ''for

the registration of * * * *voters.*" Other similar uses of the word "voter" may be found in the Statutes, which indicate that the word as there used is not confined to those persons who are registered. If only qualified voters can register, and no one is a qualified voter unless he is registered, we would be confronted with the absurd situation that no one could register and no one could vote. The term "voter," as used in section 3235dd-46 and in similar acts, refers to persons possessing the qualifications set out in section 145 of the Constitution, and is not confined to those only who possess the additional qualification of registration. Persons who sign a petition of the kind here involved may register before an election is held on the question on which a referendum is asked, and there could certainly be no valid objection to their right then to vote on the proposition. Merely signing a petition for a referendum is not voting. Strictly speaking, therefore, none of the signers are voters, but are mere potential voters. Clearly, one who needs to do no more than register before voting is a potential voter at the election, and it follows that he is within that class of persons intended to be included within the term "voters" as used in section 3235dd-46. Compare Piuser v. Sioux City, 220 Iowa, 308, 262 N. W. 551, 100 A. L. R. 1298, and note, sustaining the views here expressed.

Judgment affirmed.