## Branstetter v. Heater et al.

(Decided Oct. 1, 1937.)

COOPER & COOPER for appellant.

CHARLES FERGUSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

On December 5, 1936, a local option election was held in Livingston county, Ky., as provided in section 2554c-2, Kentucky Statutes. The election resulted in 1250 votes in favor of local option and 515 votes against it.

Appellant, plaintiff below, instituted this action in the Livingston circuit court against appellees who compose the Board of Election Commissioners of Livingston County, contesting the said election. The petition sets out four grounds of contest but they were all abandoned except one; namely, that the number of voters signing the petition authorizing the county judge to call the local option election constituted less than 25 per cent. of the votes cast in Livingston County at the 1935 November election. This ground is based on the fact that a certain number of the signers of the petition calling the election were not registered voters at the time they signed such petition, and, deducting the names of the unregistered voters from the petition, the total number was less than 25 per cent. of the voters of the county.

In the case of City of Covington v. Miller, 266 Ky. 198, 98 S. W. (2d) 293, 294, a similar question was involved. In that case section 3235dd-46, wherein the construction of the term "voters" appears, was involved, and we held that the word "voters" as used in that statute and in similar acts refers to persons possessing the qualifications set out in section 145 of the Constitution, and is not confined to those only who possess the additional qualification of registration. Appellees insist that the construction of the word "voter" as used in the statute involved in the Covington Case should not be applied to the local option statute under consideration, because it, the latter, uses the words "legal voters," and for that reason it is insisted the legislative intent was that the term "legal voters" meant registered voters.

It is our view that the terms "voters," "legal voters," and "qualified voters" as used in the statute

under consideration and other statutes for like or similar purposes are used synonymously. It would indeed require a far stretch of the imagination to conclude that one construction should be applied to one of such terms and another applied to others, in the absence of some clearer or definite language in the statute indicating that such was the legislative intent. In the Covington Case, supra, we said:

"Section 9 of chapter 64, Acts 1924, directs that the registration officers 'proceed to register the qualified voters in each precinct.' Similarly, section 6 of chapter 45, Acts 1936, provides that the election commissioners prepare proper blanks and record forms 'for the registration of * * * voters.' Other similar uses of the word 'voter' may be found in the Statutes, which indicate that the word as there used is not confined to those persons who are registered. If only qualified voters can register, and no one is a qualified voter unless he is registered, we would be confronted with the absurd situation that no one could register and no one could vote."

See, also, Cassady v. Jewell, 268 Ky. 643, 105 S. W. (2d) 810.

It is our conclusion, therefore, that the term "legal voters" as used in the local option statute, supra, refers to persons possessing the qualifications set out in section 145 of the Constitution, and all such persons who signed the petition authorizing the calling of the local option election are legal petitioners for that purpose.

The judgment is affirmed, and mandate will issue forthwith without prejudice to appellant's right to file petition for rehearing.