## Widick et al. v. Pursifull, Judge.

May 4, 1945

Henry L. Bryant and R. L. Maddox for petitioners.

W. L. Hammond, Cleon K. Calvert, and Arthur Rhorer for respondent.

774

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Issuing writ of mandamus.

The petitioners, Clyde R. Widick, Marvin Adams, O. U. Kays, E. K. Arnold, Ralph Wesley, E. L. McClurkan, G. D. Tinley, L. C. Kelly, and D. L. Cornn, suing for themselves and all others desiring an election on the question of prohibition in Bell County, have petitioned this court to issue a writ of mandamus directing the respondent, Honorable J. M. Pursifull, Judge of the Bell County Court, to enter an order calling for an' election to be held in Bell County for the purpose of taking the sense of the electorate of that County on the question of continuing or discontinuing the legal sale of al- coholic beverages in the County as a whole. A petition requesting the call of the election to be held May 26, 1945, allegedly was signed by 5,225 voters of Bell County. Several dealers in alcoholic beverages in the County protested the calling of the election, upon the ground that there was not appended to the petition a sufficient number of bona fide signatures to demand the call of the election. The respondent permitted the parties representing each side of the question to introduce a vast amount of evidence, at the conclusion of which he struck 2,998 names from the petition, leaving 2,227 signatures, which admittedly is less than twenty-five per centum of the voters who cast their ballots at the last general election held in Bell County, and which is necessary to demand the call of the election. KRS 242.020. Several hundred names were stricken because the respondent concluded from the evidence, and from his own examination of the petition, that the signatures were not in the handwriting of the persons named. There was direct positive testimony that at least 299 of this number actually signed the petition. The record fails to disclose the basis for respondent's conclusion that these particular persons did not sign the petition, unless they are included in the 986 signatures which the court concluded, from his own comparison of the signatures on the petition with those on the registration books of Bell County, were not appended by the persons named. We can give no weight to the court's conclusion arrived at in the above manner, because he has not shown himself to be sufficiently acquainted with signatures to qualify as an expert. From our examination of the record, we are convinced that there was no evidence suffi-

cient to overcome the direct positive testimony that these 299 persons actually appended their own signatures.

Of the 1,952 signatures struck by the court because they were appended by persons other than those whose names were written, the uncontradicted evidence shows that many hundreds of these witnesses authorized their names to be appended to the petition, and the signatures were appended in their presence. It is insisted that the court erred in not counting the names of the persons who authorized their signatures in this fashion. We are in accord with this contention. In Ledford v. Hubbard, 219 Ky. 9, 292 S. W. 345, 348, it was said: ''It has long been the settled rule in this and other jurisdictions that where a person's name is signed for him, at his direction, and in his presence, by another, the signature becomes his own, and is sufficient to give the same validity to an instrument as though written by the person himself. (Citations follow). This rule is based upon the familiar maxim, 'qui facit per alium facit per se.' (He who does a thing through another does it himself). When a subscriber's name is written for him by another in his presence and by his parol authority, the act is deemed to be his as much as if he had done it in person, and the person actually writing the name is regarded, not as an agent, but as a mere instrument or amanuensis.''

The evidence that many hundreds of names were signed by the passers of the petition at the direction and in the presence of the persons whose names were appended was refuted in respect to one signature only. We are of the opinion that the petitioners conclusively met the burden imposed upon them in respect to the remaining names signed in this manner. We conclude, therefore, that the respondent erred in striking these signatures from the petition; and, since their addition to the 2227 signatures, which are admitted to be valid, raises the number of petitioners beyond the necessary twenty-five per centum of voters who cast their ballots in the last general election, the court further erred in refusing to call the election.

But it is insisted that the court should have stricken from the petition the signatures of all voters living and voting in territory previously rendered dry by magis-

terial district elections. The basis of this contention is that they are not voters of "the territory to be affected", as required by KRS 242.020. This contention is without merit. The territory already dry, unless the entire County votes in favor of the adoption of prohibition, will be privileged to vote again on the same question at the end of three years after May 8, 1943, the date of the election at which the districts vote dry. But, in the event the County as a unit votes in favor of the adoption of prohibition on May 26, 1945, a district election may not be held until the County as a unit votes in favor of abolishing prohibition, and which cannot happen until the expiration of three years from the date of the election to be held May 26, 1945. KRS 242.180. That being true, the districts which are now dry comprise territory to be affected by the election to be held on May 26, 1945. The court properly disallowed the contention that voters in such territory were not qualified to sign the petition.

A writ of mandamus will issue forthwith directing the respondent to enter an order at the next regular term of the Bell County Court, to-wit, May 7, 1945, calling an election to be held on May 26, 1945, to take the sense of the voters of Bell County on the following question:

"Are you in favor of adopting prohibition in Bell County, Kentucky?" KRS 242.050.

It is unnecessary to determine the other questions raised.

Whole Court sitting, except Judge Tilford.