## Stieritz et al. v. Kaufman et al.

November 10, 1950.

Ray L. Murphy, Judge.

Fred M. Warren and Geo. T. Muehlenkamp for appellants.

Charles E. Lester, Jr., Lawrence Riedinger, Jr., Russell Howard and Joseph S. Rolf for appellees.

STANLEY, COMMISSIONER—Affirming.

An order has been heretofore entered affirming the judgment because of the urgency and time was taken for the preparation of this opinion.

The suit sought to enjoin officers of Campbell County from holding an election to take the sense of the voters of Newport on the question of abandoning the present city manager form of government. KRS 89.680.

The order of the county court recites the finding that the petition for the referendum was signed by voters equal to twenty-five per cent of the votes cast in the city at the 1949 election, the last preceding regular election, as prescribed by the statute. The circuit court sustained special demurrers to the petition on the ground of absence of jurisdiction of the subject matter. The plaintiffs declined to plead further. There was no objection to the defendants' motion for judgment on the pleadings. Thereupon, the court considering "the condition of the record," dismissed the petition. The plaintiffs have appealed.

The circuit court thought he had no jurisdiction

because, apparently, the order directing the holding of the election was a judgment of a court of proper jurisdiction, and Sec. 285 Civil Code of Practice, provides that an injunction to stay proceedings on a judgment shall not be granted by any other court than that in which the judgment was rendered.

An order of a county court calling an election in an ex parte proceeding is not a judgment of a court in the usual and ordinary sense or such as is contemplated by that provision of the Code; nor is it of such a character that an appeal might be taken to the circuit court as provided in KRS 23.030. Compare O'Neal v. Minary, 125 Ky. 571, 101 S.W. 951. The calling of a referendum election is a political matter rather than judicial. More frequently than otherwise the power of calling such an election is vested in a legislative body. See, for example, KRS 89.240 relating to the initiative and referendum of ordinances. In a proceeding of this kind the county court is made the agency to find that the petition for the election is in due form and meets the requirements of the statute. When that is the case, the court has no discretion in the matter other than to determine the sufficiency of the facts stated in the petition. Compare Skaggs v. Fyffe, 266 Ky. 337, 98 S.W.2d 884. The court may be compelled to conform by a writ of mandamus or mandatory injunction. O'Neal v. Minary, supra; Martin v. Cheek, 309 Ky. 319, 217 S.W.2d 785. Ordinarily a court of equity will not enjoin the holding of an illegal election but where it is one in which a public office is not involved and the election would be void and cause unnecessary and improper expense, the calling of the election may be tried in an injunction proceeding. City of Murray v. Irvan, 170 Ky. 290, 185 S.W. 859; Ginsburg v. Giles, 254 Ky. 720, 72 S.W.2d 438.

The jurisdiction of the circuit court more clearly appears when it is considered that the petition challenged the constitutionality of the act under which the election was proposed. See Gayle v. Owen County Court, 83 Ky. 61.

For these reasons, we are of opinion that the special demurrers should have been overruled.

We are of opinion, however, that the court properly dismissed the petition upon the ground of the legal

insufficiency of the allegations ·of the petition, which had been tested by general demurrers. The petition, general demurrers and motions to strike certain allegations constituted the entire record· upon which the case was submitted without objection and upon which the judgment was rendered. It may be added that the plaintiffs made no suggestion of any desire to amend their petition in any respect.

The petition challenged the validity of the call for the election upon three grounds, namely, (1) KRS 89.680 is "void for want of clarity and definiteness and the inability of any petitioner to comply therewith;" (2) the petition for the election was defective because it failed to state the number of votes cast in the City of Newport at the last preceding general election or the number of legal voters upon the petition; and (3) that 1,260 signatures on the petition are void and should be stricken because (a) 1,085 are of "persons who are not registered voters in this city;" (b) 100 of such signatures "appear to be forgeries," and (c) 76 are duplicated.

We think the statute is definite enough. It requires the petition for the election to be "signed by a number of the legal voters of the city equal to twenty-five percent of the votes cast in the city at the last preceding general election." This follows a usual form. See KRS 67.020, 89.030, 89.300, 242.020. The condition undoubtedly means the number of persons who voted in any or all city elections as determined by the number of ballots cast.

The·allegations as to the insufficiency and invalidity of the petition for the election are fatally defective. The charge that 1,085 of the signers were of persons "who are not registered voters in this city" is of no effect. The language ·of the statute is "legal voters." This means that the qualification of the petitioners is to be judged as of the day the petition was filed in the county court, that being the day of the application required by the statute. McAuliffe v. Helm, 157 Ky. 626, 163 S.W. 1091. Moreover, the term "registered voters" is not the criterion· of qualification. City of Covington v. Miller, 266 Ky. 198, ·98 S.W.2d 293; Branstetter v. Heater, 269 Ky. 844, 108 S.W.2d 1040.· Likewise, clearly defenseless is the feeble conclusion· and deficient charge

that 100 of the signatures "appear to be forgeries, they obviously having been appended by other than the designated parties." Widick v. Pursifull, 299 Ky. 773, 187 S.W.2d 447. And it has long been the rule in election contests that the pleader must name the persons whose votes he questions as well as the ground upon which he challenges them. Widick v. Ralston, 303 Ky. 373, 197 S.W.2d 261, 198 S.W.2d 56; Johnson v. May, 305 Ky. 292, 203 S.W.2d 37. If not timely amended, such indefinite and general allegations must be stricken. Jackson v. Bolt, 292 Ky. 503, 166 S.W.2d 831. We think the same rule should apply in a suit to enjoin the holding of an election.

These allegations were not only too indefinite and should have been stricken on that account, but they also were demurrable as not stating a cause of action. The effect of the decision on the pleadings and the dismissal of the petition was the equivalent of sustaining the general demurrers.

The judgment is affirmed.