### GROSS et al. v. MADDOX, Judge of Bell County.

Court of Appeals of Kentucky.

May 1, 1953.

Cleon K. Calvert, Pineville, A. E. Funk, Jr., Middlesboro, for petitioners.

Kelly Clore and Henry L. Bryant, Pineville, for respondent.

STEWART, Justice.

This is an original proceeding for a writ of mandamus. We shall refer to the parties respectively as "petitioners" and "respondent."

Petitioners seek to compel respondent to enter an order denying a request for a local option election to be held in Bell County on May 16, 1953. On March 16, 1953, there was filed in the office of Clarence Hill, Clerk of the Bell County Court, a petition demanding a local option election in every voting precinct in Bell County, with the exception of those precincts embraced in the cities of Middlesboro and Pineville.

The petition bore the signatures of at least twenty-five per cent of the constitutionally qualified voters who cast votes in the general election held in Bell County on November 4, 1952, and was thus sufficient on its face to require the respondent by law to call the election requested on the day set forth therein.

On April 1, 1953, petitioners appeared before respondent, as Judge of the Bell County Court, and filed a written motion to strike from the petition all signatures of those persons who lived in those precincts in the county outside the corporate limits of the two cities that are already "dry." This motion was overruled on April 6, 1953, and, that same day, respondent entered an order calling the election for May 16, 1953, in all the county voting precincts of the territory to be affected.

Bell County outside the cities of Middlesboro and Pineville is divided into eight magisterial districts. Of these, the First, Second, and Fifth Magisterial Districts are "dry" territories. Respondent admits that if the signatures of voters in these three districts are stricken from the petition, it would no longer contain the names of twenty-five per cent of the voters required to make it valid.

Petitioners point out that under KRS 242.020(1), only qualified voters in a territory to be affected by the local option election may sign a petition calling for such election. Since three of the districts are already "dry", petitioners insist these districts will not be affected, regardless of the outcome of the election, so that voters therein do not meet the statutory requirement.

The soundness of petitioners' reasoning has been considered by the Court in Widick v. Pursifull, 299 Ky. 773, 187 S.W. 2d 447, 448, wherein the same argument as presented herein was made, and there the Court decided as follows, which we think disposed of this case adversely to petitioners' contention:

"But it is insisted that the court should have stricken from the petition the signatures of all voters living and voting in territory previously rendered dry by magisterial district elections. The basis of this contention is that they are not voters of 'the territory to be affected', as required by KRS 242.020. This contention is without merit. The territory already dry, unless the entire County votes in favor of the adoption of prohibition, will be privileged to vote again on the same question at the end of three years after May 8, 1943, the date of the election at which the districts voted dry. But, in the event the County as a unit votes in favor of the adoption of prohibition on May 26, 1945, a district election may not be held until the County as a unit votes in favor of abolishing prohibition, and which cannot happen until the expiration of three years from the date of the election to be held May 26, 1945. KRS 242.180. That being true, the districts which are now dry comprise territory to be affected by the election to be held on May 26, 1945. The court properly disallowed the contention that voters in such territory were not qualified to sign the petition."

We deem it unnecessary to discuss the subject further.

Wherefore, the writ of mandamus is denied.