Darrell HALL, as Clerk of the Pulaski County Court and Meriel D. Harris, Appellants,

v.

Thomas H. REID, Appellee.

Court of Appeals of Kentucky.

Oct. 11, 1957.

L. C. Lawrence, Jamestown, Ralph Hurt, Columbia, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

C. Homer Neikirk, Fritz Krueger, Somerset, for appellants.

V. O. Blackburn, Somerset, for appellee.

CULLEN, Commissioner.

In an action by an opposing candidate for the office, against Meriel D. Harris and the county court clerk of Pulaski County, judgment was entered enjoining the clerk from printing Harris' name on the ballots for the coming regular election as a candidate for the office of police judge of the city of Somerset. Harris and the clerk have appealed.

Harris was proposed as a candidate by a nominating petition under KRS 118.080, which was signed by 20 persons, the number required by the statute. However, only 18 of the signers were *registered* voters, and the lower court held the petition invalid on the ground that the statute requires the petitioners to be registered voters. The appellants maintain that the statute does not so require.

█ The nominating petition was not filed until after the commencement of the period preceding the election during which registration is not permitted (see KRS 117.620), so the signers who were not registered will not be able to register before the election. The qualifications of the petitioners are to be judged as of the day the petition was filed with the county court clerk. Stieritz v. Kaufman, 314 Ky. 10, 234 S.W. 2d 145.

The statute, KRS 118.080, requires that the petitioners must state that they "desire, and are legally qualified, to vote for the candidate" whose nomination they propose.

The appellants rely upon such cases as Meffert v. Brown, 132 Ky. 201, 116 S.W. 779; City of Covington v. Miller, 266 Ky. 198, 98 S.W.2d 293; Branstetter v. Heater, 269 Ky. 844, 108 S.W.2d 1040; and Stieritz v. Kaufman, 314 Ky. 10, 234 S.W.2d 10. In the latter three cases it was held that where a statute required that a petition calling for an election on a *public question* be signed by a designated number of "voters," or "legal voters," or "qualified voters" it was not necessary that the signers be *registered* voters. In the Meffert case it was held that a nonregistered voter was qualified to hold a public office notwithstanding that one of the statutory qualifications for the office was that the person be a "qualified voter."

We do not consider these cases to be controlling. It was stated in the Covington case that the word "voters" does *not necessarily* mean registered voters, and that the meaning of this or a similar term depends upon the connection in which used. In the Branstetter case it was said that the term would not be construed to mean registered voters "in the absence of some clear or definite language in the statute indicating that such was the legislative intent." [269 Ky. 844, 108 S.W.2d 1041]

It is of some significance that three of the cases relied upon dealt with petitions for the calling of an election on a public question, and the fourth dealt with qualifications for office, whereas here we are dealing with a petition of nomination of a candidate for office. It is reasonable that the legislature would consider it sufficient that persons seeking to call an election on a public question, or a person seeking to occupy an office, be merely within the general class of citizens who possess the basic qualifications of voters specified in Section 145 of the Constitution of Kentucky, without regard to whether they are fully qualified by registration to vote at one particular election. In the Covington case, they are called "potential voters."

██ We are faced here with a different purpose sought to be accomplished by the statute, and with words in the statute throwing a different light on the legislative intent. The statute says that the petitioners must be legally qualified "to vote for the candidate." This necessarily means to vote for the candidate at the election for which he is proposed. If a petitioner is not reg-

istered he obviously is not qualified to vote for the particular candidate. It is reasonable that this statute should require registered petitioners, because they are in effect *sponsors* of the candidate they propose, and should be qualified to vote for him, rather than being merely in the broad category of citizen-voters.

It is our opinion that the petition properly was held invalid.

The judgment is affirmed.