Claude COFFEY et al., Petitioners

v.

S. E. ANDERSON, Judge of Wayne County Court, Respondent.

Court of Appeals of Kentucky.

Oct. 11, 1963.

Charles C. Adams, Adams & Adams, Somerset, for petitioners.

J. C. Denney, Jr., County Atty., Randall Bertram, Monticello, for respondent.

PALMORE, Judge.

Twenty-nine signers claiming to aggregate a majority of the "duly registered" voters living in a portion of Wayne County lying north of Lake Cumberland filed a petition in the Wayne County Court asking for an election on the proposition of striking the area from Wayne County and attaching it to the adjoining county of Pulaski. Const. § 65; KRS 67.030. The petition was dismissed on the ground it was not signed by the requisite number of voters. This is an original action for mandamus against the Judge of the Wayne County Court to enforce compliance with the demand of the petition. Cf. CR 81; RCA 1.420.

KRS 67.030 does not prescribe any method or procedure for determining whether the signers of a petition filed thereunder do in fact constitute a majority of the voters living in the territory sought to be transferred. In such a case the county judge must proceed ex parte to determine the sufficiency of the petition on its face and, if he deems it necessary, satisfy himself that the signatures and petitioners are what and who they purport to be and constitute the required percentage of voters. Skaggs v. Fyffe, 266 Ky. 337, 98 S.W.2d 884, 889 (1936); Stieritz v. Kaufman, 314 Ky. 10, 234 S.W.2d 145 (1950). If he is in error in declining to direct the election, this court has jurisdiction under Const. § 110 to correct his action. Franklin v. Pursiful, 295 Ky. 222, 173 S.W.2d 131, 133 (1943); Bays v. Bradley Mills, Ky., 254 S.W.2d 348 (1943). However, in view of Hettich v. Colson, Ky., 366 S.W.2d 907 (1963), and Cunnigan v. Jones, Ky., 371 S.W.2d 624, decided today, the circuit court also has jurisdiction to provide adequate relief. Therefore, under similar circumstances this court henceforth will not exercise original jurisdiction.

■ The records of the Wayne County Court Clerk showed 62 registered voters in the area, but petitioners contend that several of these persons did not reside there and that the actual number of voters was 52. The order dismissing the petition recites that five of the 29 petitioners had requested in writing that their names be withdrawn, and concludes that the petition "did not contain a majority of the qualified voters in the * * * area sought to be stricken from Wayne County," etc. To the extent this conclusion was based on the attempted withdrawal of some of the petitioners it was, of course, in error, because such a withdrawal is unauthorized and ineffective. Evans v. Maddox, Ky., 260 S.W.2d 661 (1953).

The word "voters" appears never to have been construed by this court with direct reference to Const. § 65 and KRS 67.030. In other connections it has been held ordinarily to mean persons having the qualifications set out in Const. § 145, whether registered or not. Meffert v. Brown, 132 Ky. 201, 116 S.W. 779 (1909); City of Covington v. Miller, 266 Ky. 198, 98 S.W.2d 293 (1936); Branstetter v. Heater, 269 Ky. 844, 108 S.W. 2d 1040 (1937); Stieritz v. Kaufman, 314 Ky. 10, 234 S.W.2d 145 (1950). See, however, Hall v. Reid, Ky., 305 S.W.2d 923 (1957), in which a different result was reached under KRS 118.080.

■ Under the cases holding that one who has the right to register but has not done so is nevertheless a "voter," it would be incumbent on the petitioners in a case such as this to seek out and establish the number of persons in the area who, in addition to those already registered, were not registered but had the right to register. Being of the opinion that in many instances this would be impracticable and an unreasonable burden, we have reconsidered the question of proper definition and have concluded that registration is one of the essential qualifications of a "voter." To the extent that the Meffert, City of Covington, Branstetter and Stieritz opinions hold otherwise they are overruled.

We recognize that Const. § 145 says that a person possessing certain qualifications "shall be a voter." This provision must, however, be read in pari materia with Const. § 147, which provides, "Where registration is required, only persons registered shall have the right to vote." If a person does not have the "right to vote," he is not a "voter." By force of Const. § 147 registration is a qualification or condition precedent of equal dignity with the age, residence, and other qualifications prescribed in Const. § 145.

■ In City of Covington v. Miller, 266 Ky. 198, 98 S.W.2d 293, (1936), it was suggested that because the voter registration statutes theretofore in force had directed the registration of "qualified voters" the word "voters" necessarily included persons not yet registered. The present registration statute, KRS 117.615, does not require that conclusion, and in the absence of a compelling reason to the contrary (including, of course, a clear indication that the legislature so intends) it is our opinion that a person is a "voter" only if he is qualified under Const. § 145 and is registered. This opinion shall not, however, operate retroactively to invalidate any election heretofore called or held or to disqualify an officer or present candidate for election.

The proof shows that 28 of the 29 petitioners were voters and that of the other persons carried on the registration books, there had died or removed their residence a sufficient number to reduce the total below 56. Hence respondent erred in dismissing the petition. However, as it is too late to comply with the 60-day advertisement requirement of KRS 67.030(2) in time for the election to be held on November 5, 1963, it will be necessary that respondent order it to be held on the day of the 1964 general election.

Mandamus is granted, and respondent is directed to enter an order consistent with this opinion.