**J. C. AUSMUS, Jr., et al., Appellants,**

**v.**

**Jess SLUSHER, Judge, Bell County Court, Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1964.

A. Henry Ralston, Middlesboro, James T. Carey, Louisville, for appellants.

William S. Tribell, Middlesboro, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment of the Bell Circuit Court dismissing appellants'

complaint, which sought an order directing appellee, Judge of the Bell County Court, to call a local option election under KRS 242.020.

Certain procedural questions have been raised, including the lack of verification of the complaint (incorrectly styled "Petition") filed in the circuit court, but we find the procedural objections without substantial merit. There is properly before us a controversy concerning the correctness of the county court order adjudging invalid the petition for election.

On August 3, 1964, there was filed with the Bell County Court a petition for a local option election to be held in Middlesboro. This was signed by 2,022 persons who, it was therein stated, were citizens, residents and legal voters of Middlesboro. The sufficiency of the petition was contested and 1,296 names were stricken on various grounds. Since this left an insufficient number of valid signers (the number required was 897), the County Judge declined to call the election.

The great majority of signatures stricken were ruled invalid because the "post office address" of the signer and the "correct date" of signing, as required by KRS 242.020(2), were not adequately shown. We are unable to find just cause for striking a substantial number of the contested signatures on the above grounds, and since the valid signatures far exceed the number required, it will be unnecessary to examine them individually.

This is not a case where the "Address" and "Date Signed" columns of the petition were left blank. With the exception of a few omitted dates, the petition shows a good faith attempt to write in after each signature an address and a date. Examples of signatures stricken for inadequate ad-

dresses were those where a route number is given without a box number, or a street is designated without a house number, or ditto marks appear (indicating the signer had the same address as the preceding signer). A number of signatures were stricken because the date signed was represented by ditto marks under a preceding date.

It is the contention of appellants that even the complete absence of addresses or dates does not invalidate signatures on a local option petition under the decision in Skaggs v. Fyffe, Judge, 266 Ky. 337, 98 S.W.2d 884. Therein it was held that the addresses and dates of signing were "directory" rather than "mandatory" requirements of the statute. On the other hand, the County Judge relied upon Allen v. Hardin, 272 Ky. 396, 114 S.W.2d 494, and Huie v. Jones, Ky., 362 S.W.2d 287, wherein it was held that the requirement of stating the "residence" of the signer of a school board election petition was "mandatory".

We do not believe it necessary here to resolve the apparent conflict of principle presented by the cited cases.[1] Assuming that the statutory requirement of KRS 242.020(2) with respect to stating the post office address and the correct date of signing must be complied with (interested parties are cautioned to conform), we find in this case sufficient compliance.[2]

Considering the size of the city involved, a designated street or a route number may adequately identify the "post office address" of a particular signer. It is our opinion that if the signer reasonably may be located by utilization of the address given, it constitutes a sufficient "post office address" under the statute. Likewise a "date" is sufficient if it readily may be ascertained by a directed reference to another part of the petition.

---

1. Our consideration of the cited cases and others raises the question of whether the attempt to classify requirements of statutes as being either "mandatory" or "directory" is a proper or adequate approach to the question of compliance.

2. We have purposely avoided the use of the words "substantial compliance", because this terminology has taken a confused position in our law in relation to the terms referred to in footnote 1.

As we have heretofore indicated, by accepting a substantial number of addresses and dates which the County Judge held insufficient, we find that the petition contained more than the number of acceptable signatures required to validate it. Therefore, the election should have been called as requested in the petition. On September 15, 1964, we entered an order in this case directing appellee to call the election.

The judgment is reversed for proceedings in accordance with the Order of September 15, 1964.