J. Millard SHREVE, County Judge, Taylor County, Kentucky, E. Poe Young, County Clerk, Taylor County, Kentucky, Appellants,

v.

TAYLOR COUNTY PUBLIC LIBRARY BOARD et al., etc., et al., Appellees.

Howard WHITLEY, etc., et al., Appellants,

v.

TAYLOR COUNTY, Kentucky, FISCAL COURT et al., Appellees.

Court of Appeals of Kentucky.

Oct. 17, 1967.

Robert Dowell, Greensburg, Joseph J. Leary, Thomas F. Marshall, Frankfort, Clyde Williams, Jr., Campbellsville, Morris Butler, Greensburg, for J. Millard Shreve, and appellants.

Barry Bertram, Charles Summers and Fred Faulkner, Jr., Campbellsville, for appellee, Taylor County Public Library Board, and another.

Morris Butler, Greensburg, Joseph J. Leary, Thomas F. Marshall, Frankfort, Robert L. Dowell, Greensburg, for appellants Howard Whitley, Etc., and another.

Barry Bertram, Charles Summers, Fred Faulkner, Jr., Campbellsville, for appellees Taylor County, Kentucky, Fiscal Court, Etc.

CULLEN, Commissioner.

One of these two consolidated actions consisted of an appeal to the circuit court, by one member of the Taylor County Fiscal Court and two citizens and taxpayers of the county, from an order of the fiscal court, dated May 29, 1967, establishing a public library district for Taylor County pursuant to KRS 173.710 to 173.800. The other action was by the chairman and secretary of the theretofore existing Taylor County Public Library Board, against the county judge, county clerk and sheriff, seeking a mandatory order directing the county judge to appoint a district library board, the county clerk to include a library tax on the regular tax bills, and the sheriff to collect the library tax with the regular county taxes. The judgment dismissed the appeal action and granted the mandatory relief requested in the other action. The

county judge, the county clerk, and the plaintiffs in the appeal action have appealed from the judgment.

■ The appeal action was dismissed on the ground that the order appealed from was not an appealable order. This was error, under the interpretation heretofore placed by this court on KRS 23.030, which provides that an appeal may be taken to the circuit court from "all orders * * * of the fiscal court * * * in civil cases where the amount in controversy * * * is over twenty-five dollars." In Howard v. Saylor, 305 Ky. 504, 204 S.W.2d 815, this statute was construed to mean that the county judge or any other member of the fiscal court may appeal from any order which he deems detrimental to the interests of the county, and that, in fact, any *person* aggrieved may appeal from an order of the fiscal court. The right to appeal has not been limited to orders of a *judicial* character, because in the Howard case the order was strictly administrative (being for the employment of an auditor), and appeals have been upheld from other strictly administrative orders, such as one making an appropriation, Caldwell County v. Durret Const. Co., 180 Ky. 594, 203 S.W. 291; one issuing warrants for poor relief, Stumbo v. Clark, 255 Ky. 287, 73 S.W.2d 8; one approving allowances to the county clerk, Elliott v. Commonwealth, 144 Ky. 335, 138 S.W. 300; and one buying a right of way for a highway. Hoskins v. Leslie County Fiscal Court, Ky., 242 S.W.2d 874.

It is true that in Stieritz v. Kaufman, 314 Ky. 10, 234 S.W.2d 145, the court held that an order of a *county court* calling an election was not an appealable judgment, being a political rather than judicial matter. However, appeals from *county courts* are governed by a separate subsection of the statute, KRS 23.030(2), which particularizes the kinds of judgments that are appealable; whereas the subsection dealing with *fiscal courts* purports to authorize appeals from *all orders* (in civil cases).

It may well be that over the years KRS 23.030(1) has been misconstrued; that in authorizing appeals from orders and judgments of the fiscal court *"in civil cases"* it was intended to limit appeals to those cases involving *disputed claims for money.* See Jefferson County v. Young, 120 Ky. 456, 86 S.W. 985. Support for this view is found in the rulings of some early cases that appeals from the fiscal court are to be tried *de novo.* See Jefferson County v. Young, 120 Ky. 456, 86 S.W. 985; Owen County v. Walker, 141 Ky. 516, 133 S.W. 236. Certainly it could not reasonably have been intended that orders involving *administrative discretion or judgment* would be reviewed *de novo.*

It also might be considered that *no* action of a fiscal court is truly judicial, so that in no case should the review on appeal be concerned with any question other than whether the action of the fiscal court was *arbitrary* (which we mean to include illegal). Cf. American Beauty Homes Corp. v. Louisville & Jefferson County Planning & Zoning Commission, Ky., 379 S.W.2d 450.

■ We do not find it necessary to answer all the questions we have posed. We think we should answer the question of whether an order of the kind here involved properly is appealable under the statute, KRS 23.030(1). It is our conclusion on this question that it is a reasonable interpretation of the statute to hold that *all orders* of the fiscal court are *appealable* (the limitation to "civil cases" being surplusage because the fiscal court does not have any *criminal* jurisdiction). However, the matter of what kind of *review* the appeal shall embrace is another question.

■ In the general field of litigation there are various kinds of appellate review. One is pure trial de novo. Another involves application of the "clearly erroneous" test to the fact findings below. Another is limited to the question of whether the action appealed from was *arbitrary.*

We think it is not essential to a proper decision of the case now before us to decide what is the proper scope of appellate review of a fiscal court order. We so think because at the very least the review would embrace the question of arbitrariness and in the instant case if the fiscal court's order was based on an invalid petition (which is the contention on the appeal) the order would be arbitrary. Particularly is this true since the creation of a library district and the imposition of the library tax rest solely on the petition, without any election.

■ We conclude that there was a valid appeal of the fiscal court order, and that the allegations of the appellants on that appeal were sufficient to invoke appellate review of the validity of the petition. The allegations in substance were that the petition was invalid because (1) it was not properly certified, and (2) it did not contain the required number of qualified voters in that some of the signers did not list their addresses, some signatures were forgeries, some signatures were duplicates, and some of the signers were not registered. The appellees maintain that the allegations were not sufficiently detailed and they cite Stieritz v. Kaufman, 314 Ky. 10, 234 S.W. 2d 145, for the proposition that allegations of insufficiency of a popular petition must be definite and specific, naming names. The Stieritz case was decided before adoption of the Civil Rules and the accompanying liberalization of pleading requirements; its concepts of pleading are no longer valid. We think the allegations here were sufficient under the prevailing principle of notice pleading. (We distinguish this type of case from election contest cases the pleadings in which are governed by special statutes).

Having concluded that the issue of the legal sufficiency of the petition was properly put before the circuit court on the appeal from the fiscal court order, we now give our attention to some of the other complicating features of these two cases. After the appeal had been taken from the fiscal court order the fiscal court undertook to adopt a new order rescinding the one appealed from and rejecting the library petition. This activity was questioned by amended pleadings in the action in which the library people were seeking mandatory relief. In the latter action the defendants by way of defense alleged that the original fiscal court order was invalid because it was adopted at a special meeting of which notice had not been given to all members of the fiscal court, and because the order was not signed in the presence of the members. Thus, there were put in issue the questions of whether the original order ever was valid, and if so, whether it validly was rescinded. We think it is unnecessary that those questions be passed on, because if it should be decided that the original order was invalid, or was validly rescinded, we consider that the action brought by the library board is sufficiently broad in scope to embrace the question of whether the fiscal court should be mandated to adopt a new order establishing a library district, on which question the legal sufficiency of the petition would be the controlling consideration.

So in the final analysis the controlling question in this litigation is whether the petition presented to the fiscal court is legally sufficient. If it is, the fiscal court can be ordered to establish the district; if not, it makes no difference how many orders the fiscal court adopted or how valid they were, because the only one that undertook to create the district was properly appealed from.

To expedite disposition of this litigation we shall give our direct consideration to the alleged grounds of invalidity of the petition, to the extent that questions of *law* are involved.

■ First, it is contended that the petition was not "duly certified" as required by KRS 173.720(1). Each sheet of the petition contained the full prayer of the petition, and when presented to the fiscal court the sheets were fastened together, with a

certification by two persons that they were duly qualified and registered voters and residents of Taylor County; that they had signed the petition; and that "the foregoing petition containing 2502 names, addresses and respective dates of signing constitutes more than 51 per cent of the total number of duly qualified voters who cast 4042 votes in the last general election in November 1966 in Taylor County, Kentucky, as required and provided in Kentucky Revised Statutes 173.720."

■ The appellants argue that the certification should be that the signers were duly qualified voters. Assuming, without deciding, that this requirement is embraced in the ambiguous direction of the statute that the petition be "duly certified," we think that the certificate in the instant case reasonably can be construed as certifying that the signers were duly qualified voters.

■ The appellants alleged that 959 of the petitioners did not list their addresses. It appears that the contention in reality is that the addresses listed were not sufficiently specific (because on a quick observation we find some address listed for every signer). The alleged insufficiency seems to consist mostly of failure to put the name of the city after a street address. We think it is a matter of sufficient common knowledge that Campbellsville is the only city in Taylor County with numbered street addresses, so that any street address listed after a signer's name would reasonably be understood as being one in Campbellsville. Cf. Ausmus v. Slusher, Ky., 382 S.W.2d 395. So we consider this particular insufficiency not to be fatal. Any other claimed insufficiencies of addresses can be determined in the trial court.

It is alleged that 110 of the signatures were forged, 66 persons signed twice, and "more than 200" of the signers were not registered. These allegations involve factual determinations for the trial court. However, we point out that, according to one of the various sets of figures in the record, the petition contained on its face some 400 signatures more than required, so even if all the 366 signatures just above mentioned were stricken the petition still would have enough names.

The judgments are reversed for further proceedings in conformity with this opinion.

All concur.