**TAYLOR COUNTY PUBLIC LIBRARY BOARD et al., etc., Respondents,**

v.

**J. Millard SHREVE, County Judge, etc., et al., Movants.**

Court of Appeals of Kentucky.

Dec. 15, 1967.

See also, Ky., 419 S.W.2d 779.

Thomas F. Marshall, Frankfort, Clyde Williams, Jr., Campbellsville, Robert L. Dowell, Greensburg, Joseph J. Leary, Frankfort, for movants.

Barry Bertram, Fred Faulkner, Jr., Charles Summers, Campbellsville, for respondents.

CULLEN, Commissioner.

The movants herein are defendants in an action in the Taylor Circuit Court in which there is in issue the validity of a petition for establishment of a public library district for the county. A judgment in that action was reversed by this court on appeal, with directions that the trial court proceed to determine on the merits the sufficiency of the petition. See Shreve et al. v. Taylor County Public Library Board et al., Ky., 419 S.W.2d 779.

The reversing decision above mentioned was handed down on October 17, 1967, but the mandate was not issued until November 17, 1967. One day prior to the issuance of the mandate the circuit court entered an order, on its own motion, without notice or hearing, directing the county clerk of Taylor County to enter on the 1967 tax bills the amount of 3½ cents per hundred dollars of assessed valuation for library tax, and to deliver the tax bills to the sheriff. The order further directed the sheriff to proceed to collect the tax bills, but to hold in his possession the library tax collections pending determination of the validity of the petition for establishment of the library district. The reason stated in the order for such directions was that the holding up of the tax bills pending determination of the library tax questions was placing the county government and the schools "in dire need."

The motion before us is that the above-mentioned order be set aside because, first, it was entered without jurisdiction since the mandate of this court remanding jurisdiction to the circuit court had not yet been issued when the order was entered; second, the order was entered without notice or hearing; and, third, there was no compliance with the prerequisites of an *injunction*, such as a showing of irreparable injury, the making of findings of fact and conclusions of law, and the execution of an injunction bond.

In the response to the motion it is pointed out that *after* the mandate was issued on the appeal, the circuit court entered a *new* order, upon adequate notice and hearing, reaffirming the directions that were in the original order. It is our opinion that the issuance of this new order renders moot the first two grounds of motion above stated. And as concerns the third ground it is our opinion that no showing of material injury has been made such as would justify interference by this court with the order (assuming, as movants contend, that the order falls in the category of an injunction).

The motion is denied.

All concur.