Roger MEREDITH, Charles Mills, Robert E. Vial, Wilma Britton, and Ethel Hampton, Individually, and as Directors of the Knox County Public Library, Appellants,

v.

William SEARS, Homer Lee Jackson, Pascal Hembree, Silas Carnes, Ellis Messer, Lloyd Hammons, J. T. Sullivan, W. D. Wyan and Joe Shields, as individual members of the Knox County Fiscal Court, a Body Corporate and J. E. McDonald, Knox County Court Clerk, Appellees.

Court of Appeals of Kentucky.

May 10, 1968.

Luker, Luker & Roberts, London, for appellants.

Hamm, Taylor & Milby, London, for appellees.

CULLEN, Commissioner.

Proponents of a public library district for Knox County filed with the Knox County Fiscal Court, pursuant to KRS 173.710 to 173.800, a petition for establishment of such a district. The petition bore 2,868 names of purported registered voters, being 204 more than the number required by the statute (51 percent of the number who voted at the last general election in the county). On July 11, 1967, the fiscal court adopted an order establishing the district and providing for levy of the required tax. However, 21 days later, on August 1, 1967, the fiscal court undertook to rescind the order. Thereafter the proponents brought the instant action in the circuit court to require the fiscal court to proceed with the establishment and financing of the library district. The circuit judge concluded that the statute required that signers of the petition be persons who actually had voted in the last general election, and since it was shown that 623 of the signers had not so voted, the petition did not have sufficient valid signatures. On this ground judgment was entered dismissing the complaint. (The judge also found, from his examination of the face of the petition, that "many" of the signatures were in the same handwriting, but did not rest the judgment on this ground.) The proponents of the library district have appealed.

The initial contention of the appellants is that the fiscal court had no authority to rescind its order establishing the district. We agree.

It is clear that the act of a fiscal court in approving a petition of the kind here involved is administrative or ministerial, or "political," and not judicial, so the ordinary rules giving a court control over its judgments for a specified period (such as during the remainder of the term) are not applicable. Cf. Pulaski County v. Richardson, 225 Ky. 556, 9 S.W.2d 523. In Shreve v. Taylor County Public Library Board, Ky., 419 S.W.2d 779, the fiscal court's action in this type of case was classified as administrative. In local option cases, the act of the county judge in calling an election is categorized as ministerial. See Bays v. Bradley Mills, Ky., 254 S.W.2d 348; Howard v. Carty, Ky., 275 S.W.2d 68; Boyd v. Alexander, Ky., 284 S.W.2d 85.

The action of a county court in calling an election on the question of adoption of the city manager form of government has been said to be political. Stieritz v. Kaufman, 314 Ky. 10, 234 S.W.2d 145. However named, the significant thing in each case is that the officer or body has no discretion other than to determine the sufficiency of the facts. Cf. Skaggs v. Fyffe, 266 Ky. 337, 98 S.W.2d 884; Fyfe v. Hardin County Bd. of Ed., 305 Ky. 589, 205 S.W.2d 165.

It has been held that in the absence of express statutory authority an administrative agency has no authority to set up a rehearing procedure. See Hennessy v. Bischoff, Ky., 240 S.W.2d 71. Also, it has been held that an officer has no authority to revoke or retract a completed executive act. Martin v. Chandler, Ky., 318 S.W.2d 40; Royster v. Brock, 258 Ky. 146, 79 S.W.2d 707.

■ We are dealing here with nondiscretionary action which effectuates a statutory procedure. If it were permissible for such action to be rescinded, with no fixed limitation of time for so doing, only chaos could result. It is far better, we think, to hold that the power to rescind does not exist. If setting aside the action is necessary because of errors or of arbitrariness, appropriate judicial remedies will be available.

■ In the specific case of orders establishing library districts, we have held that the judicial remedy is to be invoked by appeal from the order. See Shreve v. Taylor County Public Library Board, Ky., 419 S.W.2d 779. If the order here involved was erroneous or made without proper consideration of the sufficiency of the petition, the remedy was by appeal—not by rescission. If the *voters* are not satisfied with the order there is a procedure by which they can dissolve the district. KRS 173.800.

■ Since we are holding that the fiscal court had no authority to rescind its order establishing the library district, and since there was no appeal taken from that order, the sufficiency of the petition was not entitled to be questioned in this action. The trial court therefore erred in passing on the sufficiency of the petition.

The judgment is reversed with directions to enter judgment granting the relief prayed for in the complaint.

All concur.