**J. Millard SHREVE, County Judge, etc., et al., Appellants,**

v.

**TAYLOR COUNTY PUBLIC LIBRARY BOARD, et al., etc., Appellees.**

Court of Appeals of Kentucky.

June 28, 1968.

Rehearing Denied Oct. 18, 1968.

See, also, Ky., 422 S.W.2d 138.

Clyde Williams, Jr., County Atty., Campbellsville, Robert L. Dowell, Greensburg, Thomas F. Marshall, Frankfort, for appellants.

Charles M. Summers, Fred Faulkner, Jr., Barry Bertram, Campbellsville, for appellees.

CLAY, Commissioner:

This is a continuing controversy over the establishment of a public library district in Taylor County. On a former appeal in two consolidated cases, Shreve v. Taylor County Public Library Board, Ky., 419 S.W.2d 779, the judgments were reversed for further proceedings. This is an appeal from a judgment entered after further proceedings on a motion for summary judgment.

Appellants have attacked a petition to create a library district in an appeal from an order of the fiscal court, and as a defense to the present suit which sought injunctive relief to implement the creation of the district. In both cases the principal ground of attack was that the petition was invalid because it did not contain the required number of signatures of qualified voters. On the

former appeal we rejected the appellants' contention that a large number of signatures could not be counted because of the insufficiency of addresses. In that opinion we pointed out the possibility that, since the petition on its face contained something over 400 signatures more than required, the other claimed grounds for the invalidation of other signatures, even if upheld, would not reduce the number below that required. We also ruled that the legal sufficiency of this petition was "the controlling question in this litigation".

Upon return of the case, appellees moved for summary judgment and filed an affidavit of a party which in effect attested to the sufficiency of the petition. Subsequently appellants filed an affidavit of E. Poe Young (one of the appellants) which asserted the invalidity of a large number of signatures on a ground we had rejected on the former appeal; reiterated the invalidity of 376 signatures on other grounds; and for the first time injected the contention that more than 500 other signatures were invalid on a ground not theretofore asserted. Subsequently Mr. Young was examined with respect to this affidavit, and the Chancellor entered an order giving appellants 10 days in which to furnish the *names* of all of those voters whose signatures appellants claimed were invalid on any of the grounds asserted.

Appellants failed to file the clarifying affidavit, and over a month later the trial judge personally examined every signature on the petition and reached the following conclusions: (1) The petition contained 2516 signatures; (2) 112 of those were insufficient; (3) 2060 signatures were legally required, and after deducting the 112 signatures found insufficient there were still 344 more signatures than needed; (4) since appellants had originally claimed only 310 other signatures were invalid, the petition still had more than the required number of signatures even if all of these were deducted.

Based on the above findings, the court concluded there was no material issue of fact which would affect the validity of the petition and he thereupon entered the judgment now before us which recited the petition was "legally sufficient". In the light of our former opinion and the opinion of the Chancellor, this judgment effectively determined the only controversial question in these two lawsuits, and both parties have so accepted it.[1]

On this appeal it is first contended the pleadings do not support that judgment. It is pointed out that the prayer of the complaint sought only injunctive relief, and the judgment does not decide that issue. This contention is without merit for two reasons.

In the first place, the question which this judgment resolves is, as we said in our former opinion, the "controlling" one in this litigation. The judgment is in reality a declaration of the rights of the parties on the only question which appellants themselves have raised in this controversy. It was designed to, and accepted by all parties as determining the ultimate issue involved.

The clincher of course is found in CR 54.03. It plainly provides:

"* * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

The second contention is that it was error to enter this judgment on a motion for summary judgment because appellants were entitled to a trial. Our former opinion did not direct a trial but directed further proceedings in conformity with the opinion. The entry of a summary judgment under CR 56 was proper if the record justified it.

The motion was made on the ground that in the light of our opinion (which effectively rejected appellants' contention

---

1. This judgment may require implementation.

that a large number of signatures were invalid because of insufficient voters' addresses) and in the light of the fact that the record showed that over 300 allegedly invalid other signatures would not affect the sufficiency of the petition, there was simply nothing to try. The trial court gave appellants an opportunity to show the existence of a material issue or issues of fact by affidavit specifying by name the signatures they alleged to be invalid. Appellants simply declined to accept this invitation to do that which may have established such issue or issues. (*After* the entry of summary judgment appellants did file the affidavit which the court had given them, over objection, the specific right to file.) They having so failed, the Chancellor was forced to consider the motion on the record before him. It presented no material issue, and appellees were entitled to a favorable judgment as a matter of law.

We are of the opinion that in view of the unusual circumstances of this case, the trial court did not commit error in entering the judgment appealed from.

The judgment is affirmed.

All concur.