**A. W. HOLMES et al., Appellants,**

v.

**C. W. HUME et al., Appellees.**

Court of Appeals of Kentucky.

March 1, 1968.

George W. Hatfield, Jr., Whitley City, W. L. Rose, Williamsburg, for appellants.

Homer W. Ramsey, Whitley City, for appellees.

OSBORNE, Judge.

The appellees herein are trustees of the McCreary County Public Library. In July of 1967 they presented a petition to the fiscal court of McCreary County containing 2122 names subscribed by qualified voters of that county. The petition requested the creation of a public library and the levying of a tax to support same, as authorized by KRS 173.720. On the date the petition was presented to the fiscal court, the county attorney was absent and the judge elected to continue the proceedings on the petition to the next meeting, which·was to be held on July 13, 196ͯ. When the petition was brought up for vote on July 13, the fiscal court declined to follow the provisions of the statute by a vote of 4 to 3. Apparently the court was of the opinion that the matter was discretionary. Following this action, appellees instituted proceedings in the circuit court setting up the foregoing facts, further alleging that the petition authorized by KRS 173.720 was properly filed with the fiscal court. The petition requested the circuit court to issue a mandamus directing the members of the fiscal court to levy the tax as required by the statute. The circuit court issued the· mandamus and from that judgment this appeal is prosecuted.

Appellants contend that appellees did not prove the petition contained more than 51% of the voters who voted at the last general election. Appellees contend that there was no burden placed upon them to offer such proof as the fiscal court never denied that the petition was adequate. We believe appellees are correct. Once a petition is filed with the fiscal court it can not arbitrarily be ignored or denied. If technical deficiencies are found in the petition then certainly there rests upon the court an obligation to inform those who filed it of such deficiencies. See Shreve v. Taylor County Public Library Board, Ky., 419 S.W.2d 779. The case here is even stronger than the Taylor County case in that the appellants did not specifically challenge any portion of the petition. Here the

trial court heard the evidence concerning the fiscal court's objection to the petition and found it legally sufficient. With this conclusion, we agree. Mandamus is the proper remedy to compel a court of inferior jurisdiction to take such action as the law makes mandatory. Childers v. Stephenson, Ky., 320 S.W.2d 797.

The judgment is affirmed.

All concur.