**D. M. ALDRIDGE et al., Appellants,**

v.

**Jess SLUSHER et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 31, 1969.

J. C. Helton, Pineville, for appellants.

Paris Swinford, Clore & Swinford, Pineville, Daniel J. Tribell, Pineville, for appellees.

DAVIS, Commissioner.

The sole question at issue is whether a petition proposing a levy of a library tax pursuant to KRS 173.720 is "filed with the fiscal court" by presenting and filing it with the clerk and chairman of the fiscal court. The trial court answered that question negatively, and this appeal challenges the trial court's ruling.

On January 3, 1969, a petition for a library tax substantially conforming to the provisions of KRS 173.720 was filed with the county court clerk and county judge of Bell County, as clerk and chairman, respectively, of the Bell County Fiscal Court. A receipt for the filing was executed by the judge and clerk reciting that the petition had been filed with them "for appropriate action in accordance with the provisions of KRS 173.720."

The pertinent provisions of KRS 173.720 are:

"Districts shall be organized in the following manner:

"(1) Upon the filing of a duly certified petition of fifty-one percent or more of the number of duly qualified voters who voted in the last general election in each county to be included within the territorial limits of the proposed district, the

fiscal court of each county in the proposed district shall adopt a resolution ordering the levy of a tax of not more than twenty cents on each one hundred dollars worth of property assessed for local taxation. Such petition shall be filed with the fiscal court in each county in the proposed district not later than ninety days after the date of the first signature on the petition. A certified copy of the order of the fiscal court shall be filed within thirty days with the county court clerk who will add the levy to the next annual tax bill of the county or counties concerned."

It will be observed that the statute requires that the petition be filed "with the fiscal court * * * not later than ninety days after the date of the first signature on the petition."

The first signature on the petition was subscribed October 8, 1968, so that the filing on January 3, 1969, was timely, if filing with the clerk and judge satisfied the statutory requirement of filing with the fiscal court.

It is noteworthy that KRS 173.720(1) requires the fiscal court to file its order pertaining to such a petition within thirty days.

The fiscal court of Bell County was not in session on January 3, 1969, when the petition was filed but convened on January 18, 1969, the third Saturday of the month, which is the regularly scheduled meeting date for the fiscal court of Bell County. The petition was acted upon by the fiscal court on January 18, 1969. The court voted to deny the request for the tax, but its order suggested no infirmity in the petition. It seems clear that the petition came to the attention of the fiscal court by reason of its previous filing with the clerk and judge.

The appellants, representing the Bell County Public Library Board, instituted this action in the Bell Circuit Court seeking injunctive relief to require the fiscal court of Bell County to adopt a resolution ordering the levy of a special ad valorem tax pursuant to the petition. The trial court denied the relief upon the ground that the petition had been filed too late in view of the fact that the fiscal court was not in session when it was filed and had no regularly scheduled meeting date earlier than a day beyond the statutory period of ninety days permitted for filing. In support of the trial judge's conclusion, the appellees point out that KRS 173.720(1) affords the fiscal court thirty days in which to act upon a library-tax petition. Thus, it is reasoned, the statute necessarily means that such a petition must be filed with the fiscal court while the court is in session, else the fiscal court will not have thirty days in which to deliberate upon it.

Countering this, the appellants point out that the same statute requires that the petition be filed no later than ninety days after the date of the first signature upon it and argue that to construe the statute as demanding that the petition be filed while the fiscal court is in session would effectively deprive petitioners of the full ninety days in which to complete the task of obtaining signatures. KRS 67.120(1) provides in part: "Except in counties containing a city of the first class, the county court clerk shall be clerk of the fiscal court." Bell County does not contain a city of the first class; the county court clerk is the clerk of its fiscal court. It is provided by KRS 67.090(2) that a fiscal court shall hold at least two regular terms each year and that the county judge may, by proper order, fix the dates for the commencement of the regular terms, one of which must be held in October. KRS 67.090(3) authorizes the county judge to call a special term of the fiscal court for the transaction of any business within the court's jurisdiction and affords a method for convening the court in special session when the county judge is unable or refuses to act to that end.

It seems too plain for debate that the words "shall be filed with the fiscal court" ordinarily and usually connote filing with the clerk of that court. It would require a

strained and abnormal construction of those words to reach the conclusion that the statute requires the filing with the fiscal court while it is in active session. Although the same statute directs that the fiscal court shall make its order respecting a library-tax petition within thirty days, there is no suggestion that the fiscal court may not certify its order less than thirty days after it receives the petition. In view of the explicit authorization for special terms of the fiscal court and in light of the important public interest in library-tax resolutions, we have no hesitancy in holding that the filing of the petition with the clerk of the fiscal court is a proper filing within the purview of KRS 173.720(1), and it was error for the trial court to rule otherwise. In Town of Blooming Grove v. City of Madison, 9 Wis. 2d 443, 101 N.W.2d 809 (1960), the filing of an annexation petition with the city clerk was held to be equivalent to presentation of it to the council itself. See "Filing" in Words and Phrases for many similar holdings.

The judgment is reversed for entry of a new judgment in conformity with the opinion.

All concur.