**George R. CRAFTON et al., Appellants,**

v.

**BOARD OF TRUSTEES OF the HENDERSON–HENDERSON COUNTY PUBLIC LIBRARY et al., Appellees.**

Supreme Court of Kentucky.

July 1, 1977.

Charles B. West, Gary M. Gibbs, West, Ternes, Gibbs & Overfield, Henderson, for appellants.

David H. Thomason, Trimble, Cubbage, Lindsay & Thomason, Henderson, E. Lambert Farmer, John S. Hoffman, King, Deep & Branaman, Henderson, for appellees.

LUKOWSKY, Justice.

The sole question for decision is whether there is a public library district for Henderson County. The Court of Appeals answered the question in the affirmative at 549 S.W.2d 828 (1976). We affirm.

The General Assembly has provided two methods by which a public library district may be organized, financed, operated and dissolved:

(1) THE BALLOT METHOD: Upon the filing of a duly certified petition of one hundred or more qualified voters in each county to be included within the district, the Fiscal Court of that county *shall* adopt a resolution submitting the issue of establishing the district and imposing a special ad valorem tax for its maintenance and operation to the voters at the next general election. The district is established and the tax imposed upon a favorable majority vote. Such a district may be dissolved by a similar process. KRS 173.450 through KRS 173.650.

(2) THE PETITION METHOD: Upon the filing of a duly certified petition for establishment of the district and imposition of a special ad valorem tax for its maintenance and operation by fifty one percent or more of the number of duly qualified voters who voted in the last general election in each county to be included within the district, the Fiscal Court of that county *shall* adopt a resolution imposing the tax. The district is established upon the filing of a valid petition. Such a district may be dissolved by a similar process. KRS 173.710 through KRS 173.800.

On January 14, 1976 a valid "ballot method" petition was filed with the Henderson Fiscal Court. On January 19, 1976 a valid "petition method" petition was similarly filed. On January 26, 1976 at the regular meeting, the Fiscal Court approved first the "ballot method" petition and then the "petition method" petition.

The proponents of the "petition method" appealed to the Henderson Circuit Court and sought to have the issue removed from the ballot for the election to be held in November. Some of the proponents of the "ballot method" intervened claiming that they were among the one hundred persons whose signatures were on the "ballot method" petition. Other proponents of the "ballot method" sued asking that the action of the Fiscal Court which established the library district by the "petition method" be declared void and that the collection of the tax be enjoined. The cases were consolidated. The Circuit Court ruled that there was an issue to be placed on the ballot, that the action of the Fiscal Court which established the library district was void and enjoined the collection of the tax. The proponents of the "petition method" appealed.

The Court of Appeals reversed and held that the library district had been created by the "petition method" and could be dissolved only in the manner provided by KRS 173.800, and that the ballot issue became moot. The Court of Appeals permitted the election to be held so as to ascertain the result in the event there should be reversal on further appeal. The issue was defeated at the election. We granted discretionary review.

The primary thrust of both the "ballot method" and the "petition method" is the same, i.e., to provide for the *establishment* of public library districts. Each is a symmetrical, complete and independent method of supplying the oxygen of literature to a community. Neither is designed to be a blanket to smother the other. If the respirations of culture are to be terminated, the mechanism to do so will be found in KRS 173.630 in the case of districts established by the "ballot method" and in KRS 173.800 in the case of districts established by the "petition method."

Once the Fiscal Court determined on January 26, 1976 that the "petition method" petition filed January 19, 1976 was free of technical deficiencies the library district came into being by operation of statute and the Fiscal Court had no choice but to impose the tax to buy the oxygen. *Holmes v. Hume,* Ky., 424 S.W.2d 824 (1968). Therefore, on January 26, 1976 Henderson County had a public library district and the question proposed by the "ballot method" petition became *moot.* The people of Henderson County had their intellectual life support system and the question became whether to pull the plug. This may only be answered by resort to KRS 173.800.

If we were to believe that either one or both of these methods were unwise or foolish, we could not refuse to recognize or enforce them. The General Assembly has the right to be illogical and at times even frivolous. "For protection against abuses by legislatures the people must resort to the polls, not to the courts." *Munn v. Illinois*, 94 U.S. 113, 134, 24 L.Ed. 77 (1876).

The decision of the Court of Appeals is affirmed and the cause is remanded to the Henderson Circuit Court with directions to enter judgment consistent herewith.

All concur, except PALMORE, J., who did not sit.