**WAYNE PUBLIC LIBRARY BOARD OF TRUSTEES, Movants,**

v.

**WAYNE COUNTY FISCAL COURT, Respondent.**

Supreme Court of Kentucky.

Oct. 10, 1978.

Morris E. Burton, Frankfort, for movants.

Thomas E. Carroll, Monticello, for respondent.

LUKOWSKY, Justice.

This case involves a second attack on the constitutionality of the "Petition Method" of organizing and financing a public library district. KRS 173.710 through KRS 173.-800. The Wayne Circuit Court held that the entire process passed constitutional muster. The Court of Appeals held that the "Petition Method" could constitutionally bring the district into existence and require the Wayne Fiscal Court to levy a reasonable tax to support the district, but that it could not constitutionally fix the tax rate. We affirm the Wayne Circuit Court and reverse the Court of Appeals.

The "Petition Method" was conceived by the legislature in Chapter 92 of the Acts of 1964. Its parentage was reacknowledged by the legislature by minor amendments in Chapter 154 of the Acts of 1966, Ch. 241 of the Acts of 1970, Ch. 223 of the Acts of 1972, and Ch. 384 of the Acts of 1978. The constitutional legitimacy of these statutes was attested by this court in *Boggs v. Reep*, Ky., 404 S.W.2d 24 (1966). These statutes have been before this court for interpretation in *Shreve v. Taylor County Public Library Board*, Ky., 419 S.W.2d 779 (1967); *Holmes v. Hume*, Ky., 424 S.W.2d 824 (1968); *Meredith v. Sears*, Ky., 427 S.W.2d 813 (1968); *Padgett v. Sensing*, Ky., 438 S.W.2d 501 (1969); *Aldridge v. Slusher*, Ky., 446 S.W.2d 636 (1969); *Miller v. Bell*, Ky., 453 S.W.2d 746 (1970); *Graves County Public Library District Board of Trustees v. Graves County Fiscal Court*, Ky., 479 S.W.2d 27 (1972); *Crafton v. Board of Trustees of the Henderson-Henderson County Public Library*, Ky., 554 S.W.2d 82 (1977),

and the issue of their constitutionality was not raised.

The Kentucky Department of Libraries reports that so far seventy-two of the one hundred and six library districts in Kentucky have been formed and are operating pursuant to the "Petition Method." No doubt by this time leases have been made, real estate has been acquired, equipment has been purchased and books have been obtained in reliance on the validity of these statutes.

This attack is based on arbitrariness, and creation of a taxing district and imposition of a tax without a vote of the people. The position taken is fairly debatable only because of *Boggs* (*supra*), provides but inferential negative answers to these issues. The outcome of the debate is not obvious. It is at best doubtful and speculative. However, the threshold question is whether, as a matter of orderly development of public institutions, this court should entertain further constitutional attacks on these library districts.

These statutes have been on the books for almost fifteen years. The legislature has favored them with frequent consideration and amendment throughout the period. After their first resistance to constitutional attack, they have been tacitly treated by this court, the bar and the people of this commonwealth as constitutional. These statutes have been interpreted and applied in numerous cases without constitutional objection being made by counsel where it was in the interest of one side or the other to make it. When over two-thirds of the library districts in Kentucky are the children of these statutes, there can be no doubt that many important and valuable rights, obligations and services have vested.

It is an ancient and pragmatic principle of law that when acts have been long accepted as constitutional and important rights have been based thereon, the courts may refuse to further consider their constitutionality. *Home Telephone Co. v. People's Telephone & Tel. Co.*, 125 Tenn. 270, 141 S.W. 845 (1911); Cf. *Drury v. Franke*, 247 Ky. 758, 791, 57 S.W.2d 969, 982

(1933). The rule is particularly applicable where, as here, the benefits from a constitutional reexamination of the statutes are to be gained by a relatively few individuals and are greatly exceeded by the mischief to be done to the vast majority served by the existing "Petition Method" library districts. *Worthington v. District Court*, 37 Nev. 212, 142 P. 230 (1914); *Board of Commissioners of Pueblo County v. Smith*, 22 Colo. 534, 45 P. 357 (1896); Cf. *Walling v. Brown*, 9 Idaho 740, 76 P. 318 (1904), affirmed sub nom. 204 U.S. 320, 27 S.Ct. 292, 51 L.Ed. 503 (1907), quoted with approval in *Bethke v. Idaho Savings & Loan Association*, 93 Idaho 410, 462 P.2d 503 (1969).

This court declines to entertain further constitutional attacks on KRS 173.710 through KRS 173.800. This is not to say that such objections raised to similar statutes that do not have an identical history would not be entertained.

The decision of the Court of Appeals is reversed and the judgment of the Wayne Circuit Court is affirmed.

All concur.