**James E. PHILLIPS, C.P.A., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2009–CA–000551–DG.**

Court of Appeals of Kentucky.

Oct. 22, 2010.

John W. Tullis (argued), Owensboro, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Nicole Wade (argued), Special Assistant Attorney General, Henderson, KY, for appellee.

Before TAYLOR, Chief Judge; COMBS and NICKELL, Judges.

## OPINION

COMBS, Judge:

Following a jury trial in Henderson District Court, James E. Phillips, a certified public accountant doing business in the City of Henderson, was convicted of violating a city ordinance by willfully failing to file an occupational license return. On appeal, the Henderson Circuit Court affirmed his conviction. The matter is now before us upon an order granting discretionary review. Kentucky Rule(s) of Civil Procedure (CR) 76.20. After hearing oral arguments and reviewing the briefs and the pertinent law, we reverse the judgment of conviction.

Ordinance No. 17–05 was enacted by the City of Henderson on September 10, 2005, and took effect on January 1, 2006. The ordinance requires businesses to file a return and to pay an annual occupational license tax to the city. Sec. 21–33. The occupational license tax is measured as one percent (1%) of the net profits from business conducted in the city during the preceding year. *Id.*

Shortly after it was enacted, Phillips became convinced that the city's new ordinance was flawed. He contacted city officials numerous times, but the city refused to modify any provision of the ordinance.

Phillips did not file a timely occupational license return in 2006. On January 14, 2007, a criminal complaint was filed against him for willful failure to file a return, a misdemeanor under the provisions of the ordinance. At his arraignment, he pled not guilty.

Phillips was tried on May 9, 2008. The evidence presented by the Commonwealth indicated that Phillips had conducted business in the city since 1981; that he was required to file a 2006 occupational license tax return under the ordinance; that he understood that he had a legal duty to file the occupational license tax return; and that he acted with the specific intent to avoid filing the return **and** to refuse paying the occupational license tax.

The jury found Phillips guilty of willfully failing to file the return with the intent to evade payment of the occupational license tax. It recommended that he serve 120 days in jail and that he pay a $500.00 fine. The district court suspended the jail sentence for a period of two years (over the protest of the Commonwealth) but imposed the recommended fine and court costs. On appeal, the Henderson Circuit Court affirmed the judgment of conviction. Phillips filed a motion for discretionary review, which we granted.

Phillips contends that the trial court erred by affirming his conviction. He argues that the ordinance should not have been enforced against him since it denied him due process of law; that the ordinance was unconstitutional as applied to him; that the Commonwealth failed to prove the elements of the offense charged; and that the trial court erred with respect to numerous evidentiary issues.

■ First, Phillips contends that the city's ordinance—as applied—deprived him of due process of law. He argues that the trial court erred in failing to declare the ordinance unconstitutional—if not on its face, then at least as applied to him. Phillips claims that the city's failure to appoint a Board of Occupational License Appeals (as described in section 21–43 of the ordinance) violates due process by depriving citizens of an administrative vehicle by which they can challenge "their claim and/or assessment as to whether or not a return is due, and/or a tax owed." Appellant's brief at 8. Thus, Phillips suggests that the ordinance is unconstitutional *as applied* because it failed to offer him a pre-deprivation hearing—a meaningful opportunity either to contest the ordinance's requirements or to withhold a contested tax assessment.

■ Since the collection of a tax constitutes a deprivation of property, federal due process standards require state and local governments to offer taxpayers procedural safeguards against "unlawful exactions." *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 36, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990). Governments may meet this requirement by offering taxpayers one of three possible recourses: (1) a pre-deprivation remedy, which permits the taxpayer a meaningful opportunity to withhold the tax and to dispute the amount owed; (2) a post-depri-

vation remedy, which allows taxpayers to challenge the amount paid and to obtain a refund if it is determined that the tax was wrongfully collected; or (3) a combination of both. *Id.* at 36–37, 110 S.Ct. at 2250.

In this case, the ordinance provides **both** pre-deprivation and post-deprivation alternatives for contesting the "interpretation of this ordinance." Sec. 21–43. It also provides for extensions to file a return and for a specific administrative mechanism to obtain a refund or a credit resulting from the finance department's "re-examination and correction of returns as to which an overpayment or underpayment is claimed or found to have been made...." Sec. 21—41, 42.

On paper, the ordinance provided Phillips a fair opportunity to challenge his obligations under its provisions. He frequently corresponded with city officials, and he attended numerous meetings with them to discuss his personal interpretation of the newly enacted ordinance. However, the City never established the Board of Occupational License Appeals. At the time Phillips contested the ordinance, the mayor had not named the members of the Board. To date, the members have never been appointed. Thus, Phillips did not have any opportunity to invoke the administrative pre-deprivation remedy guaranteed by the ordinance. The putative administrative remedy could not have been exhausted as a prerequisite for judicial relief. We conclude that Phillips was denied due process of law on this basis.

Next, Phillips presents a three-pronged argument in support of his contention that the Commonwealth failed to prove every element of the charged offense beyond a reasonable doubt. He contends: (1) that there has never been an adjudication indicating that he is responsible for a 2006 occupational license tax; (2) that the plain language of the ordinance absolves him of

any responsibility to file a 2006 return; and (3) that even if he were responsible for filing a return and paying the 2006 occupational license tax pursuant to the ordinance, the Commonwealth failed to prove that he had the requisite intent to evade payment of the tax.

■ In a criminal prosecution, the Due Process Clause of the Fourth Amendment to the United States Constitution requires proof beyond a reasonable doubt of each fact necessary to prove the elements of a crime. *Lisle v. Commonwealth,* 290 S.W.3d 675 (Ky.App.2009). Phillips argues that the city has not shown through any civil proceedings that he is actually responsible for any tax or that in merely contesting his alleged duty to file the return, he necessarily or by implication did so with the intent to evade payment of a tax arguably due and owing.

Section 21–46(E) of the ordinance authorizes the city to file a civil action to enforce the collection of the occupational license tax due. However, there is no requirement that the city establish that taxes are due under Section 21–37 (pertaining to returns) or under Section 21–46 (pertaining to the penalties for willful failure by a business to make a return). Phillips was charged with failing to make a return. The ordinance classifies the *willful failure to file a return* as a Class A misdemeanor. The city's failure to attempt to collect any tax due in a civil proceeding is irrelevant to this criminal proceeding, which involves the failure to file the return regardless of the existence of any tax arguably owed.

■ In the second prong of his argument, Phillips contends that the plain language of the ordinance absolves him of any duty to file the 2006 return. He argues that the ordinance can only be construed to mean that he was *not* required to file a

return referencing the net profits of the business that he conducted in 2005. "Clearly, the ordinance makes a business file a return after their (sic) taxable year ends, and there can be no taxable year that ends before 1 January 2006 [the ordinance's effective date]. . . ." Appellant's brief at 14. Phillips believes, therefore, that the end of his first taxable year *following the effective date of the new ordinance* (January 1, 2006) would not have occurred until December 31, 2006—and thus that his first return would not have been due until April 16, 2007. Consequently, he could not have been convicted of failing to file a 2006 return.

Sec. 21–37(A) of the city's ordinance provides, in part, as follows:

> [E]very business entity and employer required to obtain an occupational license from the city shall file for the preceding taxable year a city Occupational License Return, properly signed and completed in proper detail, regardless of whether income is realized, a license liability exists, or the business is actively engaged during the tax year.

In essence, Phillips objects to the provisions of the new ordinance that seek to measure the amount of his 2006 occupational license tax by reference to his 2005 taxable income, arguing that 2005 precedes the effective date of the ordinance. After examining the language of the ordinance, including its definition of "taxable year," we are persuaded that the circuit court did not err by accepting the city's interpretation of its ordinance to require Phillips to file a 2006 return based on the 2005 net profits of his business. We see no legal impediment to the city's decision to measure the occupational license tax in this manner.

█ In conjunction with this argument, Phillips contends that the Commonwealth failed to prove his willful intent to fail to make a return or to evade the 2006 occupational license tax. He cites his concerted efforts to convince the City to alter particular provisions of its ordinance. He believes that his ongoing dialogue with the city in which he tried to convince it that it was erroneous in construing the ordinance is proof that he lacked specific intent to evade payment.

The jury rejected Phillips's argument. The Commonwealth showed that Phillips willfully failed and refused to file a timely occupational license return in 2006. Its proof showed that while Phillips counseled other business owners to file the return "under protest," Phillips himself *knowingly and voluntarily* violated a known duty to file the return and to pay the license tax. However, the Commonwealth charged and argued on appeal that Phillips had failed to file the return *with the intent* to evade the tax that might have been owed. In essence, the Commonwealth impermissibly imputed his intent to evade the tax from his intentional failure to file the return.

While Phillips undoubtedly failed to file the return, there is no corresponding proof that he intended to evade paying the tax. The ordinance provides as follows:

> Sec.21–46 Penalties.
>
> (F) In addition to the penalties prescribed in this section, any business entity or employer who willfully fails to make a return or willfully makes a false return, or who willfully fails to pay taxes owing or collected, with the intent to evade payment of the tax or amount collected, or any part thereof, shall be guilty of a Class A misdemeanor.

As it is written and punctuated, the ordinance sets forth three possible violations constituting a Class A misdemeanor. A person shall be guilty if he willfully:

(1) fails to make a return;

(2) makes a false return;

or

(3) fails to pay a tax owed or amount collected.

However, all three possible violations are modified by the phrase "with the intent to evade payment of the tax...." The placement of a comma after the word *collected* renders the phrase applicable to **all** three possible violations. If the comma were omitted, only the last violation ("fails to pay taxes owing or collected ... with the intent to evade payment") would be modified or qualified by the phrase that is the crux of the *mens rea* in this case.

By its plain language, the ordinance envisions that an individual might commit these errors or omissions negligently or accidentally. Only when each one is accompanied by the critical element of criminal *mens rea*, namely the intent to evade payment, can the act be chargeable as criminal. We hold that the Commonwealth improperly imputed criminal *mens rea* to Phillips from his mere failure to file a return, an impermissible assumption of guilt flowing from that omission without proof of his actual mental state that would render that act criminal. Such a leap has no foundation in the law.

Next, Phillip contends that the trial court erred with respect to a number of evidentiary issues. The circuit court properly reviewed the trial court's decisions to admit or to exclude evidence for an abuse of discretion. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575 (Ky.2000).

■ He argues that the trial court erred by permitting the Commonwealth to call several of his clients to testify. Phillips claims that the Commonwealth's subpoena of these witnesses directly violated the accountant-client privilege. He also contends that he was forced to take the stand "to discuss the information that he had given his clients." Appellant's brief at 20. On appeal, the circuit court concluded that the testimony was entirely proper and that the district court did not abuse its discretion by permitting it.

Kentucky Revised Statute(s)(KRS) 325.440 provides that a licensed accountant shall not disclose any confidential information pertaining to a client without the client's consent. The privilege is clearly personal to the client. Since the privilege does not belong to the accountant, Phillips had no standing to invoke it in order to object to the Commonwealth's decision to subpoena the clients. Even to the extent that the information discussed at trial was arguably protected by the accountant-client privilege, the circuit court did not err in upholding the discretionary ruling of the trial court to permit the testimony of these witnesses—again, the parties to whom the privilege belonged. Therefore, there is no basis for Phillips's argument that the Commonwealth's decision to call these witnesses required him to take the stand in his own defense and to violate the privilege. He enjoyed no privilege that was jeopardized.

Phillips contends that the court erred with regard to several other evidentiary rulings in limiting the testimony of Margaret Keaton, a city finance department employee, and of Nancy Norris and Mike Hoersting, accountants and colleagues. He also cites as error the court's permitting Charles McCollom, the county attorney, to testify against him. Since we are reversing this conviction on two other grounds, any discussion of these alleged evidentiary errors is moot and merits no analysis.

In summary, we conclude that Phillips's conviction was improper on two grounds: (1) the ordinance was unconstitutional as applied to him due to the failure of the City to appoint the board of administrative

appeal and (2) the Commonwealth improperly imputed criminal intent to evade payment of the tax from his failure to file a return without proving the requisite *mens rea.*

Accordingly, we reverse the judgment of conviction of the Henderson District Court.

ALL CONCUR.