CLAYTON, JUDGE:
Charlie Coleman, John P. Roth Jr. and Erik Hermes (hereinafter "the taxpayers") bring this appeal from the Campbell Circuit Court's grant of summary judgment to the Campbell County Library Board of Trustees (hereinafter "the Board"). The primary issue is whether the holding of an opinion (hereinafter "the Opinion") of the Court of Appeals, which harmonized statutes relating to public library ad valorem tax rates, is to be applied retroactively or prospectively only.
In Campbell Cty. Library Bd. of Trustees v. Coleman , 475 S.W.3d 40, 41 (Ky. App. 2015), disc. review denied (Dec. 10, 2015), a panel of this Court addressed whether public libraries in Kentucky, created by petition pursuant to Kentucky Revised Statutes (KRS) 173.710 et seq. , should assess the library's ad valorem tax rate in accordance with KRS 132.023 or KRS 173.790. The underlying class action, brought by a group of taxpayers in the Campbell Circuit Court,[1] sought recovery of what they maintained were unlawfully excessive ad valorem taxes levied by the Campbell County Library Board. According to the taxpayers, the Board had erroneously calculated its ad valorem rate each year according to the provisions of KRS 132.023, which allows a taxing district to increase revenue from ad valorem taxes up to four percent without triggering a reconsideration by the district or voter recall referendum, when in fact it should have applied KRS 173.790, which only allows an increase in the tax rate via a petition signed by fifty-one percent of duly qualified voters in the district. The circuit court entered summary judgment for the taxpayers, ruling that the Board is required to comply with KRS 173.790, as the more specific statute, in setting its annual tax rate. The Board appealed. The Court of Appeals panel reversed the circuit court, concluding that
*530 KRS 132.023 and KRS 173.790 are both applicable to ad valorem taxing rates of a library taxing district formed by petition under KRS 173.720 and can be harmoniously interpreted to complement each other. KRS 132.023 generally controls the ad valorem tax rate assessed by a library taxing district formed by petition; however, KRS 173.790 is triggered if the library seeks to increase revenue from ad valorem taxes above 4 percent of the revenue generated from the compensating tax rate as set forth in KRS 132.023(1) and (3). Our construction of KRS 132.023 and KRS 173.790 gives effect to both statutes and honors what we believe the General Assembly intended.
Campbell Cty. Library Bd. , 475 S.W.3d at 47-48.
The case was remanded for proceedings consistent with the Opinion. The Kentucky Supreme Court denied the taxpayer's motion for discretionary review.
The Board moved for summary judgment on the remaining counts of the taxpayers' complaint. The taxpayers filed a cross-motion for summary judgment. The circuit court entered an agreed order limiting briefing solely to the issue of whether the Opinion should be applied retroactively or prospectively only. Following a hearing, the circuit court entered an order in which it applied the three-factor test for retroactivity set forth in Chevron Oil Co. v. Huson , 404 U.S. 97, 106, 92 S.Ct. 349, 355, 30 L.Ed. 2d 296 (1971)disapproved of by Harper v. Virginia Dep't of Taxation , 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed. 2d 74 (1993), to hold that the Opinion harmonizing KRS 173.790 and KRS 132.023 was intended to be applied prospectively only. The taxpayers filed a motion to amend, alter or vacate the order. The motion was denied and this appeal by the taxpayers followed.
The taxpayers raise four arguments: (1) that the circuit court order is contrary to the Opinion and violates the law-of-the-case doctrine; (2) federal due process and Kentucky law require the taxpayers to be provided with meaningful retroactive relief; (3) the order renders KRS 173.790 ineffective for periods prior to the Opinion, thereby violating Kentucky's separation of powers doctrine and; (4) even if prospective-only application was possible in this case, the circuit court erred in finding it justified here.
I. Whether the circuit court's order is contrary to the Opinion and violates the law-of-the-case doctrine; and whether the Board waived the issue of prospective-only application
The taxpayers' first argument questions the trial court's authority to determine that the Opinion is to be applied prospectively only. Because the Opinion does not expressly state that its holding is to be given prospective-only application, they contend the holding must apply both retroactively and prospectively, and, in the absence of any petition for rehearing or modification by the Board, this retroactive application has become the law of the case. "The law-of-the-case doctrine describes a principle which requires obedience to appellate court decisions in all subsequent stages of litigation. Thus, on remand, a trial court must strictly follow the mandate given by an appellate court in that case." Buckley v. Wilson , 177 S.W.3d 778, 781 (Ky. 2005) (footnotes omitted). "Upon receipt of an appellate court opinion, a party must determine whether he objects to any part of it and if he does, petition for rehearing or modification or move for discretionary review. Upon failure to take such procedural steps, a party will thereafter be bound by the entire opinion."
*531 Williamson v. Commonwealth , 767 S.W.2d 323, 326 (Ky. 1989).
The pertinent portion of the Opinion states that "the Campbell and Kenton Circuit Courts erred as a matter of law by concluding that KRS 132.023 was inapplicable to library districts formed by petition and erred by rendering the respective summary judgments so concluding. We hold that KRS 132.023 and KRS 173.790 are both applicable to library districts formed by petition and can be harmonized in their application as set out in this Opinion." Campbell Cty. Library Bd. , 475 S.W.3d at 48. The Opinion reverses the summary judgments and remands "for proceedings consistent with this Opinion[.]" Id.
The Board argues that statements elsewhere in the Opinion do expressly and unmistakably direct a prospective-only application of the Court's holding, specifically the following passage discussing the principles of Wayne Public Library Board of Trustees v. Wayne County Fiscal Court , 572 S.W.2d 858 (Ky. 1978) :
In Wayne, the Supreme Court addressed a second attack on the constitutionality of the provisions of KRS Chapter 173 as pertains to the petition method of forming public library districts in Kentucky. As noted, that legislation was enacted in 1964. In upholding the statutes, the Supreme Court in Wayne noted that "[w]hen over two-thirds of the library districts in Kentucky are the children of these statutes, there can be no doubt that many important and valuable rights, obligations and services have vested." Id. at 859. That same logical common sense approach is also applicable to these cases now on appeal, notwithstanding that this Court has harmonized the statutes at issue.
Campbell Cty. Library Bd. , 475 S.W.3d at 48.
Although this passage may articulate policy grounds to support a prospective-only application, it does not provide an unambiguous directive to that effect.
The taxpayers argue that when an appellate opinion is silent, the silence speaks for retroactive application only and any contrary intention must be manifest. Kentucky jurisprudence "generally embrace[s] the idea that although legislation may only apply prospectively, judicial decisions generally apply retroactively." Branham v. Stewart , 307 S.W.3d 94, 102 (Ky. 2010) (citing United States v. Security Industrial Bank, 459 U.S. 70, 79, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982) ). The taxpayers also rely on an opinion of the United States Supreme Court, Harper , supra , which states that "[w]hen this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate the announcement of the rule." 509 U.S. at 97, 113 S.Ct. at 2517. But Harper is limited to the application of federal law only, and expressly acknowledges that state courts may fashion their own rules of retroactivity regarding state law. "Whatever freedom state courts may enjoy to limit the retroactive operation of their own interpretations of state law, cannot extend to their interpretations of federal law." Id. , 509 U.S. at 100, 113 S.Ct. at 2519 (citing Great Northern R. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364-66, 53 S.Ct. 145, 148-49, 77 L.Ed. 360 (1932) ) (internal citation omitted). Furthermore, Harper stands only for the proposition that, once a rule of federal law is applied to the parties in the case in which it was announced, it must be applied retroactively.
*532 It does not address whether a newly-announced decision need be applied to the parties in the instant case. McKinney v. Pate , 20 F.3d 1550, 1565-66 (11th Cir. 1994).
The Opinion in this case did not expressly decide the issue of retroactive or prospective applicability, and directed the case back to the trial court for further proceedings. "[I]t was the trial court's duty to interpret and apply the controlling appellate court decision." Buckley v. Wilson , 177 S.W.3d 778, 781 (Ky. 2005) (footnote omitted). Under Kentucky law, the circuit court possessed the discretion on remand to make the retroactivity determination:
The scope of a lower court's authority on remand of a case is not measured in terms of its jurisdiction, but by the direction or discretion contained in the appellate court's mandate. An appellate court might direct a trial court, such as by ordering a new trial or the dismissal of charges. With such a mandate, the trial court's authority is only broad enough to carry out that specific direction. Alternatively, and as is very often the case when the appellate court reverses a trial court, it simply grants the trial court the discretion to conduct further proceedings not inconsistent with the opinion. In such cases, ... the general principle is stated as follows:
The trial court may take such action, not inconsistent with the decision of the appellate court, as in its judgment law and justice require, where the case has been remanded generally without directions, or for further proceedings, or for further proceedings in accordance, or not inconsistent, with the opinion.
5 C.J.S. Appeal and Error § 978 at 481-83 (1993)citing Pieck v. Carran, 289 Ky. 110, 157 S.W.2d 744 (1941).
Hutson v. Commonwealth , 215 S.W.3d 708, 713-14 (Ky. App. 2006).
Thus, the circuit court's action in deciding that the Opinion was to be applied prospectively only was well within the scope of its authority and discretion. Consequently, its order did not violate the law of the case doctrine. Furthermore, under these circumstances, the issue of retroactive applicability was not waived by the Board because the Opinion left the resolution of this issue to the circuit court.
II. Whether federal due process and Kentucky law require the provision of retroactive relief to the taxpayers
The taxpayers further argue that applying the Opinion prospectively only violates federal and state due process guarantees. "Since the collection of a tax constitutes a deprivation of property, federal due process standards require state and local governments to offer taxpayers procedural safeguards against 'unlawful exactions.' " Phillips v. Commonwealth , 324 S.W.3d 741, 743 (Ky. App. 2010) (quoting McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco , 496 U.S. 18, 36, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990) ). Governments may meet this requirement by offering taxpayers one of three possible recourses: (1) a pre-deprivation remedy, which permits the taxpayer a meaningful opportunity to withhold the tax and to dispute the amount owed; (2) a post-deprivation remedy, which allows taxpayers to challenge the amount paid and to obtain a refund if it is determined that the tax was wrongfully collected; or (3) a combination of both. Id. at 743-44 (citing McKesson 496 U.S. at 36-37, 110 S.Ct. at 2250 ). In Kentucky, a post-deprivation remedy is found in KRS 134.590, a post-deprivation remedy which provides for a refund of ad valorem taxes when no taxes were due or were paid under a statute held unconstitutional.
*533 In addressing this issue in its order denying the taxpayers' motion to amend, alter or vacate, the circuit court held that the due process protections apply exclusively to those who have paid tax pursuant to a statute subsequently found to be unconstitutional, as in McKesson . The taxpayers correctly contend that the taxation need not be pursuant to an unconstitutional statute to trigger due process protections, citing Reich v. Collins , 513 U.S. 106, 115 S.Ct. 547, 130 L.Ed.2d 454 (1994) and Newsweek, Inc. v. Fla. Dep't of Revenue , 522 U.S. 442, 118 S.Ct. 904, 139 L.Ed.2d 888 (1998).
But our case law also provides that due process protections may be balanced against considerations of good-faith reliance and equity.
It is within the inherent power of a Court to give a decision prospective or retrospective application. It is further permissible to have a decision apply prospectively in order to avoid injustice or hardship. This is true where property rights are involved and parties have acted in reliance on the law as it existed, and a contrary result would be unconscionable.
Hagan v. Farris , 807 S.W.2d 488, 490 (Ky. 1991) (internal citations omitted). "[W]hen a new rule is enacted that 'would impair rights a party possessed when he acted ... or impose new duties with respect to transactions already completed,' there is a general presumption the rule should not be applied retroactively." Kindred Hosps. Ltd. P'ship v. Lutrell , 190 S.W.3d 916, 922 (Ky. 2006), as corrected (June 12, 2006) (quoting Republic of Austria v. Altmann, 541 U.S. 677, 678, 124 S.Ct. 2240, 2241, 159 L.Ed.2d 1 (2004) ).
The taxes in this case were collected in good faith by the library districts, in reliance on the advice of the Executive Branch. As the Opinion states:
The record in this case reflects that eighty library districts across Kentucky, created by petition under KRS Chapter 173, who have followed the tax provisions of KRS 132.023, would be adversely affected if the decisions of the Campbell and Kenton Circuit Courts were to stand. For over thirty years, without protest or challenge, the library districts created by petition have acted in good faith and conducted their affairs in accordance with the directions of the Executive Branch, which was charged by law to implement the applicable statutes in question. While our opinion today stands on the harmonization of these statutes, based on our interpretation of legislative intent, we believe the ultimate recourse for statutory change lies in the General Assembly, not the courts.
Campbell Cty. Library Bd. , 475 S.W.3d at 48.
In light of these unique facts, this case presents one of the rare occasions when a court is justified in exercising its discretion "to make application of a holding prospective only[.]" Branham v. Stewart , 307 S.W.3d at 102.
III. Whether prospective-only application of KRS 173.790 violates the separation of powers doctrine
Section 27 of the Kentucky Constitution mandates separation among the three branches of government and Section 28 specifically prohibits incursion of one branch of government into the powers and functions of the others. Legislative Research Comm'n By & Through Prather v. Brown , 664 S.W.2d 907, 912 (Ky. 1984). "The essential purpose of separation of powers is to allow for independent functioning of each coequal branch of government within its assigned sphere of responsibility, free from risk of control, *534 interference, or intimidation by other branches." Appalachian Racing, LLC. v. Commonwealth , 504 S.W.3d 1, 4-5 (Ky. 2016). The taxpayers argue that a prospective-only application of the holding of the Opinion violates the doctrine of separation of powers by nullifying the effect of KRS 173.790 for the period preceding the Opinion, thereby encroaching on the province of the legislature.
We are unable to find any legal authority in Kentucky to support this theory. Justice Scalia's concurring opinions in James B. Beam Distilling Co. v. Georgia , 501 U.S. 529, 548-49, 111 S.Ct. 2439, 2450-51, 115 L.Ed.2d 481, 497 (1991) and Harper , supra , adopted this approach but, according to Jill E. Fisch in Retroactivity and Legal Change: An Equilibrium Approach , 110 Harv. L. Rev. 1055, 1077 (1997), "a majority of the [United States Supreme] Court has never expressly recognized any constitutional limitation on adjudicative nonretroactivity." We similarly choose not to recognize such a limitation on the discretionary powers of Kentucky courts.
IV. Whether the circuit court misapplied the Chevron Oil factors, thereby working a manifest injustice on the taxpayers
Finally, the taxpayers argue in the alternative that, even if the Chevron Oil analysis is applicable, the facts of this case do not support the circuit court's decision. Chevron Oil provides three factors for the court to use in determining whether a decision is to be applied retroactively: first, it "must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed"; second, the court "must weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation."; and third, the court must weigh "the inequity imposed by retroactive application, for '(w)here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity.' " Chevron , 404 U.S. at 106-07, 92 S.Ct. at 355 (internal citations omitted). Under Yount v. Calvert , 826 S.W.2d 833, 837 (Ky. App. 1991), we review the application of the Chevron factors for an abuse of discretion. "An abuse of discretion occurs when a trial court enters a decision that is arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Miller v. Harris , 320 S.W.3d 138, 141 (Ky. App. 2010) (citations omitted).
As to the first Chevron factor, the circuit court found that there was no clear, past precedent regarding the proper statute to use in calculating the tax rate, and that the Board was given conflicting guidance by the Office of the Attorney General and the Kentucky Department for Library and Archives (KDLA). The taxpayers argue that the Board did not in fact rely on this guidance and actually disregarded the recommendation of the KDLA contained in the Kentucky Public Library Trustee Manual, which advised that tax districts could increase their tax rate significantly by the same method by which they were established; hence, those districts established by petition under KRS 173.720 could only increase their rate by petition. The taxpayers also argue that informal guidance from the KDLA and opinions of the Attorney General do not constitute "legal precedent," and that the plain language of KRS 173.790 was the sole, clear past "legal *535 precedent" expressly applicable to library districts organized by petition.
The fact that a panel of this Court wrote a twenty-two-page Opinion reversing two well-reasoned circuit court opinions and expressly stated that the library districts acted in good faith in accordance with the directions of the Executive Branch for over thirty years supports the circuit court's finding that there was no clear past precedent on this issue and that this was also an issue of first impression whose resolution was not clearly foreshadowed. Thus, the Opinion meets the first Chevron factor in that it established a new principle of law meriting prospective application only.
In respect to the second factor, the circuit court found that the Opinion's harmonization of the two statutes was intended to avoid adversely affecting the libraries which had used KRS 132.023 in setting their ad valorem tax rates, and that consequently retroactive application of the new rule would not further its operation. The taxpayers argue that this approach confuses the purpose of the Opinion with the purpose of the harmonized rule itself. They contend that the common purpose and effect of both the harmonized statutes is to protect taxpayers, not library districts, and that a prospective application frustrates the purpose of the new rule by legitimizing and perpetuating tax increases made in 2000, 2003 and 2004 without a voters' petition.
But the Opinion construes KRS 173.790"as a method available to a library taxing district seeking to increase the revenue from ad valorem taxes over 4 percent of the revenue generated from the compensating tax rate as permitted by KRS 132.023." Campbell Cty. Library Bd. , 475 S.W.3d at 47. Thus, the legislature provided library taxing districts with a special means to increase their revenue apart from KRS 132.023, which suggests a strong interest in ensuring that the public libraries were always adequately funded.
Thirdly and finally, the circuit court determined that retroactive application of the decision would cause "substantial inequitable results" because it might require the refund of taxes that would severely deplete the resources of numerous public libraries. This conclusion was founded on the Opinion, which expressed serious concerns about the adverse consequences on eighty library districts, in existence for over thirty years, if the original decision of the Campbell Circuit Court holding that KRS 173.790 was the controlling statute was allowed to stand. The appellants characterize the circuit court's conclusion as ill-founded because there is nothing in the record to show that any library district other than the Campbell Board has ever sought to increase its tax rate by more than four percent without a petition of the voters. According to the taxpayers, their research shows only the Campbell Board has ever violated KRS 173.790 as harmonized by the Opinion. They emphasize that prospective-only application will allow the Board not only to retain excessive tax revenues improperly but to maintain those inflated rates by means of a petition of voters. Even if we accept the taxpayers' claim that retroactive application of the Opinion will impact solely the Campbell County Library Board and no other, the Board maintains that that retroactive application would require the refund of millions of dollars already spent on facilities, books, staff and other library operations. Under the circumstances, the circuit court did not abuse its discretion in weighing the evidence and deciding that retroactivity would lead to substantial inequitable results.
*536 Conclusion
For the foregoing reasons, the order of the Campbell Circuit Court granting summary judgment and the order denying the motion to amend, alter or vacate are affirmed.
ALL CONCUR.

A similar action was also brought by a group of taxpayers in Kenton County. The Kenton Circuit Court ruled that KRS 173.790 was the controlling statute and that the Kenton County Library Board had improperly relied upon KRS 132.023 to increase the ad valorem tax rate. The circuit court denied the plaintiffs a refund for "overpaid" ad valorem taxes. In the first appeal to this Court, the Kenton County case was consolidated with the Campbell County case. The Kenton County plaintiffs are not parties to the present appeal.