RENDERED: NOVEMBER 6, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1651-MR

RAYMOND E. WALKER                                                      APPELLANT

|     | APPEAL FROM JEFFERSON CIRCUIT COURT |
| --- | --- |
| v.  | HONORABLE BRIAN C. EDWARDS, JUDGE |
|     | ACTION NOS. 96-CR-001249 AND 04-CR-003652 |

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MCNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Raymond E. Walker ("Appellant"), *pro se*,[1] appeals

from an order of the Jefferson Circuit Court denying his motion to amend and

correct a sentence. Appellant argues that the circuit court abused its discretion in

---

[1] Appellant proceeded *pro se* in the filing of the notice of appeal and the written argument. The appellate record does indicate, however, that counsel filed various motions on Appellant's behalf during the pendency of the appeal.

failing to conclude that the sentences for separate convictions should run concurrently. Finding no error, we affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On October 31, 1997, Appellant accepted a plea offer[2] on charges of rape in the first degree, sodomy in the first degree, burglary in the first degree, and persistent felony offender in the second degree.[3] Pursuant to the plea agreement, he was sentenced to 30 years in prison. On June 5, 2006, Appellant was convicted on separate offenses of rape in the first degree and burglary in the first degree.[4] The 2006 conviction resulted from a 1984 "cold case," which was reopened after advances in DNA technology linked Appellant to the offenses. Appellant was sentenced to 40 years in prison on the second conviction.

At the time of sentencing on the second conviction, Appellant, through counsel, argued that the 1997 and 2006 sentences should run concurrently. The Commonwealth sought consecutive sentencing because the two convictions arose from separate and unrelated offenses, and because Appellant failed to participate in sex offender treatment after the first conviction. The circuit court ordered the sentences to run consecutively for a total of 70 years in prison. On

---

[2] 96-CR-001249.

[3] Kentucky Revised Statutes ("KRS") 510.040; KRS 510.070; KRS 511.020; and KRS 532.080(2).

[4] 04-CR-003652.

November 28, 2007, Appellant appealed the 2006 conviction to the Kentucky Supreme Court, which affirmed by way of an unpublished opinion.[5] Appellant did not raise the sentencing issue in the 2007 appeal.

On July 26, 2019, Appellant filed with the Jefferson Circuit Court a motion to amend, correct, and enter agreed order pursuant to plea agreement for concurrent sentencing. Appellant argued that the circuit court abused its discretion in failing to order the 2006 sentence to run concurrently with the 1997 sentence. The circuit court summarily denied the motion, and this appeal followed.

## ARGUMENT AND ANALYSIS

Appellant argues that the Jefferson Circuit Court committed reversible error in failing to order the 1997 and 2006 sentences to run concurrently. He contends that the circuit court abused its discretion by accepting the jury's recommendation of consecutive sentences, and that such acceptance violated the separation of powers doctrine and the Kentucky Constitution. While acknowledging that his 70-year sentence does not violate the statutory maximum sentence set out in KRS 532.110, he argues that the sentence violates the spirit of KRS Chapter 532 and the separation of powers doctrine. The apparent basis of Appellant's argument is that the underlying offenses of the second conviction

---

[5] *Walker v. Commonwealth*, No. 2006-SC-000480-MR, 2007 WL 2404508 (Ky. Aug. 23, 2007).

-3-

occurred before the offenses resulting in the first conviction.   He seeks an opinion

reversing the order on appeal, and remanding the matter for concurrent sentencing.

Though Appellant's motion attempted to seek relief under Kentucky

Rules of Criminal Procedure ("RCr") 10.26,[6] the correct procedure is to bring a

direct appeal, then seek relief via RCr 11.42, and only then to argue for relief under

Kentucky Rules of Civil Procedure ("CR") 60.02.  *Gross v. Commonwealth*, 648

S.W.2d 853, 856 (Ky. 1983).

> "It has long been the policy of this court that errors
> occurring during the trial should be corrected
> on *direct* appeal, and the grounds set forth under the
> various subsections of CR 60.02 deal with *extraordinary*
> situations which do not as a rule appear during the
> progress of a trial.  Although the rule does permit a direct
> attack by motion where the judgment is voidable—as
> distinguished from a void judgment—this direct attack
> is *limited to specific subsections* set out in said rule . . . ."
> (emphasis added) [Citation omitted].
>
> . . .
>
> Rule 60.02 is part of the Rules of Civil Procedure.
> It applies in criminal cases only because Rule 13.04 of
> the Rules of Criminal Procedure provides that "the Rules
> of Civil Procedure shall be applicable in criminal
> proceedings to the extent not superseded by or
> inconsistent with these Rules of Criminal Procedure."
>
> The structure provided in Kentucky for attacking
> the final judgment of a trial court in a criminal case is not
> haphazard and overlapping, but is organized and
> complete.  That structure is set out in the rules related to

---

[6] RCr 10.26 addresses palpable error.

direct appeals, in RCr 11.42, and *thereafter* in CR 60.02. CR 60.02 is not intended merely as an additional opportunity to raise *Boykin* defenses. It is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief. Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief.

CR 60.02 was enacted as a substitute for the common law writ of coram nobis. The purpose of such a writ was to bring before the court that pronounced judgment errors in matter of fact which (1) had not been put into issue or passed on, (2) were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court, or (3) which the party was prevented from so presenting by duress, fear, or other sufficient cause. *Black's Law Dictionary*, *Fifth Edition*, 487, 1444.

In *Harris v. Commonwealth*, Ky., 296 S.W.2d 700 (1956), this court held that 60.02 does not extend the scope of the remedy of coram nobis nor add additional grounds of relief. We held that coram nobis "is an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were not discovered until after rendition of judgment without fault of the party seeking relief."

*Gross*, 648 S.W.2d at 856. (Emphasis in original).

The alleged sentencing error was, in the language of *Gross*, one occurring during trial and correctable, if at all, on direct appeal. Appellant brought

a direct appeal to the Kentucky Supreme Court and did not raise this issue. If Appellant's motion is characterized as seeking relief under RCr 11.42, it was not timely. Appellant filed the motion some 13 years after the 2006 judgment imposing consecutive sentences, and well beyond the three-year window for such motions set out in RCr 11.42(10).[7]

The Commonwealth asserts that Appellant's motion is akin to a claim for CR 60.02 relief. Such relief is not available to Appellant because the alleged sentencing error could have been brought on direct appeal or thereafter by way of RCr 11.42. *Arguendo*, even if Appellant's claim of error were properly before us via CR 60.02, it does not constitute a special circumstance to justify the extraordinary remedy of CR 60.02, *Gross*, 648 S.W.2d at 856, and was not brought "within a reasonable time" after the judgment. CR 60.02(f).

Finally, Appellant's separation of powers and related constitutional arguments are misplaced and non-persuasive.

> Section 27 of the Kentucky Constitution mandates separation among the three branches of government and Section 28 specifically prohibits incursion of one branch of government into the powers and functions of the others. The essential purpose of separation of powers is to allow for independent functioning of each coequal branch of government within its assigned sphere of

---

[7] RCr 11.42(10) sets out two exceptions to the three-year period, neither of which applies herein. The first exception is for claims predicated on facts which could not have been known at the time of judgment through the exercise of due diligence, and the second is for the establishment of a constitutional right with retroactive application after the close of the three-year period.

responsibility, free from risk of control, interference, or intimidation by other branches.

*Coleman v. Campbell County Library Board of Trustees*, 547 S.W.3d 526, 533-34 (Ky. App. 2018) (internal quotation marks and citations omitted). The sentencing order, even were it properly before us, does not implicate the independent functioning of the coequal branches of government.

## CONCLUSION

The issue on appeal was known to Appellant at the time of sentencing, and should have been raised, if at all, on direct appeal to the Kentucky Supreme Court. *Gross*, 648 S.W.2d at 856. Even if it were properly before us, Appellant has not demonstrated entitlement to relief under either RCr 11.42 or CR 60.02. Accordingly, we find no error. For the foregoing reasons, we affirm the order of the Jefferson Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Raymond Earl Walker, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd Dryden Ferguson
Assistant Attorney General
Frankfort, Kentucky